Marcus DeWayne LENO, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–95–328–CR.

Court of Appeals of Texas,
Waco.

Nov. 13, 1996.

Rehearing Overruled Dec. 11, 1996.

John Hurley, Waco, for appellant.

John W. Segrest, Criminal District Attorney, Gary Raymond Coley, Asst. District Attorney, Waco, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

A jury convicted appellant, Marcus De-Wayne Leno, of aggravated robbery and sentenced him to 25 years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. In two points of error, Leno alleges: (1) the juvenile court's waiver of jurisdiction and order transferring him to the district court to be tried as an adult was invalid; and (2) the district court erred in failing to suppress his custodial statement because the statement was taken by police officers after he was already in the custody of juvenile authorities.

On the evening of January 26, 1995, Homer and Betty Nelson were robbed, at gunpoint, by a group of men outside a restaurant in Waco. Leno was arrested as a suspect in the robbery and taken into custody. Because Leno was 16 years-old at the time of the offense, he was treated as a juvenile offender pursuant to the Juvenile Justice Code.[1] Leno was taken into custody on February 13, 1995, and was placed in the McLennan County Juvenile Detention Center.[2] He was given the requisite warnings[3] by Judge Bill Logue on February 14, and on February 15, Leno gave a statement to Detective Bob Fuller of the Waco Police Department implicating himself in the January 26 robbery. The 19th District Court of McLennan County, sitting as a Juvenile Court, subsequently waived its jurisdiction over Leno and transferred him to the 54th District Court to face charges as an adult.[4]

In his first point of error, Leno contends that, because the Waiver of Jurisdiction and Order of Transfer to Criminal Court did not state his age or his birth date, the juvenile court did not validly waive its jurisdiction over him and properly transfer his case. A juvenile court may waive its exclusive jurisdiction and transfer a juvenile offender to a district court to be tried as an adult if: (1) the juvenile is alleged to have committed a felony; (2) the juvenile is at least 15 years-old at the time of the offense; (3) there has been no adjudication hearing on the offense; (4) the juvenile court determines that there is probable cause to believe the juvenile committed the offense; and (5) the welfare of the community requires criminal proceedings because of the seriousness of the crime or the background of the juvenile.[5] If the juvenile court waives its jurisdiction it must "state specifically in the order its reasons for waiver[.]"[6]

Even though it is apparent from the order itself that Leno's age and date of birth were not included in it, their omission does

1. The Juvenile Justice Code is codified as part of the Texas Family Code. TEX.FAM.CODE ANN. §§ 51–60 (Vernon 1996). The Family Code underwent extensive reconstruction during the 1995 Legislative Session. Leno committed his offense on January 26, 1995, prior to the effective date of the new provisions enacted by the 74th Legislature.

2. TEX.FAM.CODE ANN. § 52.02(a)(3) (Vernon 1996).

3. Act of June 15, 1991, 72nd Leg., R.S., ch. 593, § 1, 1991 Tex.Gen.Laws 2129, 2129–30 (current version at TEX.FAM.CODE ANN. § 51.09(b)(1) (Vernon 1996)).

4. Act of May 21, 1987, 70th Leg., R.S., ch. 140, § 1, 1987 Tex.Gen.Laws 309 (current version at TEX.FAM.CODE ANN. § 54.02(a) (Vernon 1996)).

5. Id.

6. Act of May 21, 1987, 70th Leg., R.S., ch. 140, § 2, 1987 Tex.Gen.Laws 309 (current version at TEX.FAM.CODE ANN. § 54.02(h) (Vernon 1996)).

not invalidate the order.[7] Unlike section 54.02(h) which requires the juvenile court to state in the waiver order its reasons for transferring the juvenile to be tried as an adult,[8] there is no similar requirement that the juvenile court include in its order either the juvenile's age or birth date. When a juvenile court enters an order waiving its jurisdiction over a juvenile offender and transferring the cause to the appropriate district court for criminal proceedings, it is presumed that the juvenile court carried out its lawful duty and considered all the evidence presented before it. *Ludwig v. State*, 636 S.W.2d 869, 872 (Tex.App.—Waco 1982, pet. ref'd). It is Leno's responsibility on appeal to show that the juvenile court erred by not considering evidence of his age and that the order was thereby invalid. However, because Leno did not provide this court with a record from the transfer hearing, he has failed to satisfy his burden of providing a sufficient record which shows error requiring reversal. Tex.R.App.P. 50(d); *O'Neal v. State*, 826 S.W.2d 172, 173 (Tex.Crim.App. 1992).

Furthermore, reviewing the record which is before us, we find sufficient evidence that Leno was in fact at least 15 years-old at the time he committed the offense. *Ludwig*, 636 S.W.2d at 872 (juvenile court's order was valid despite its failure to state that a psychological study had been made on the juvenile where there was evidence in the record showing such evaluation had been made); *Q.V. v. State*, 564 S.W.2d 781, 784 (Tex.Civ. App.—San Antonio 1978, writ ref'd n.r.e.) (juvenile court's order did not have to specifically state that no adjudication hearing had been held where there was evidence in the record from the waiver hearing which established that no hearing had been held). During his criminal trial, the court admitted into evidence Leno's Juvenile Warning form. The form indicates that on February 14, 1995, less than 3 weeks after the January 26, 1995, aggravated robbery, Leno was 16 years

of age. Therefore, Leno must have been at least 15 years-old at the time of the offense.

Because Leno failed to show any error requiring reversal and we find from the record that Leno was at least 15 years-old at the time he committed the crime, the juvenile court's omission of his age and date of birth from its order did not render the order invalid. Leno's first point is overruled.

■ In his second point of error, Leno alleges his statement confessing to the robbery should have been suppressed because Waco police officers had no authority to remove him from the juvenile detention center to the Waco police station for interrogation. First, we address whether Leno's point of error was properly preserved for our review. To preserve error for appellate review, the complaining party must have raised his complaint in the form of an objection, request or motion in the trial court and obtained a ruling. Tex.R.App. P. 52(a); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex.Crim.App. 1995). Additionally, the point of error must correspond to the motion made at trial. *Turner v. State*, 805 S.W.2d 423, 431 (Tex.Crim. App.), *cert. denied*, 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991). Furthermore, a motion which states one legal theory cannot be used to support a different legal theory on appeal. *Broxton*, 909 S.W.2d at 918.

In his motion to suppress, Leno argued the trial court should suppress the statement because (1) Leno had not received the proper statutory warnings; (2) Leno's mother had not been notified as required by statute; and (3) Leno did not "knowingly, intelligently, and voluntarily waive his rights." Leno did not raise the issue that his confession was invalid because he was removed from the juvenile detention center in his motion to suppress or in any other form at the trial level. Consequently, because Leno's complaint on appeal does not comport with the motion he made at trial, he has failed to properly preserve any error for our review.

---

**7.** The problematic paragraph in the Waiver of Jurisdiction and Order of Transfer to Criminal Court reads as follows:

The Court finds that the Juvenile–Respondent, MARCUS DEWAYNE LENO, was born on the day of , , and was years of age on the date of the alleged offense.

**8.** Act of May 21, 1987, 70th Leg., R.S., ch. 140, § 2, 1987 Tex.Gen.Laws 309 (current version at Tex.Fam.Code Ann. § 54.02(h) (Vernon 1996)).

*See id.; Webb v. State,* 899 S.W.2d 814, 819 (Tex.App.—Waco 1995, pet. ref'd). Leno's second point is overruled.

The judgment is affirmed.