**William Travis LIGHT, Appellant,**

v.

**The STATE of Texas.**

**No. 0761–99.**

Court of Criminal Appeals of Texas, En Banc.

April 5, 2000.

Patricia J. Cummings, Round Rock, for appellant.

John Bradley, Asst. Dist. Atty., Georgetown, Matthew Paul, State's Atty., Austin, for State.

PER CURIAM.

■ In this case the State asks us to review whether the Third Court of Appeals properly addressed an argument it raised in its appellate brief. *See Light v. State,* 993 S.W.2d 740 (Tex.App.—Austin 1999). We vacate and remand.

■ The courts of appeals are required to review every argument raised by a party that is necessary to the disposition of that appeal. *See* Tex.R.App. Proc. 47.1(a);[1] *Davis v. State,* 817 S.W.2d 345, 346 (Tex.Cr.App.1991) (holding that the courts of appeals should not dismiss a point of error when it is properly briefed by a party). Failure by a court of appeals to address a point of error properly raised by a party requires remand for consideration of that point of error. *See Davis,* 817 S.W.2d at 346 (remanding a neglected point of error to the court of appeals for consideration); *cf. Weatherford v. State,* 828 S.W.2d 12, 13 (Tex.Cr.App.1992) (holding that the remedy for a failure to address a reply to point of error on appeal is to vacate and remand the case to the court of appeals to consider the neglected argument).

The question before us is whether the Court of Appeals overlooked the State's argument that was based on the appellant's admission in court that he had been personally served with a summons.

The appellant was a juvenile. The juvenile court held a transfer hearing at which the court asked the appellant if he had been "served with notice of this summons two entire days before today." The appellant said he had. The court transferred him to stand trial as an adult for three counts of aggravated sexual assault and

---

1. "The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and nec-essary to final disposition of the appeal." Tex.R.App. P. 47.1(a).

one count of indecency with a child. The juvenile court's transfer order said, "The Court finds that all those entitled to summons were properly served with summons in compliance with 53.07, Texas Family Code, and that this Court has jurisdiction to proceed." Section 53.07 requires personal service. The persons to be served with the summons, which is accompanied by a copy of the petition, include the juvenile.[2]

Pursuant to a guilty plea on all counts, the trial court sentenced the appellant to ten years in prison for each aggravated sexual assault and eight years for the indecency with a child.

On appeal the Court of Appeals held that the juvenile court had failed to acquire jurisdiction over the appellant because the State had not personally served the appellant with the summons as required by the Texas Family Code. *See* *Light*, 993 S.W.2d at 749–50. The court found, "The record reflects that appellant

was not served personally with a summons or a copy of the petition. The summons directed to appellant was served upon appellant's father by an investigator for the county attorney's office." *Id.* at 743. The court did not state the basis for its finding, which may have been a notation on the return of the process.[3] The court held that this lack of personal service had left the juvenile court without jurisdiction to have transferred the case to the district court, and it vacated the sentence and remanded the case to the juvenile court. *Id.* at 750–51.

The State argues that the juvenile court was justified in relying on the appellant's statement, instead of contrary information written on the return of the process, to decide that process had been personally served on the appellant.[4] Without addressing the merits of the State's argument, we find that the Court of Appeals erred in not considering this argument.[5]

**2.** All code citations refer to the codes in effect at the time of the instant offense. Section 54.02 requires that in transferring juvenile cases to the district courts for trial as an adult, "The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court." TEX. FAM.CODE § 54.02(b).

Section 53.06 in turn provides that the juvenile court "shall direct issuance of a summons to: (1) the child named in the petition [and] (2) the child's parent, guardian, or custodian...." TEX. FAM CODE § 53.06(a).

**3.** The Court of Appeals' opinion does not state that it relied on the return of the process to find that the appellant had not been personally served. We deduce this reliance from the copy of the return of the process in the clerk's record from the initial appeal, the parties' briefs in that appeal, and the State's brief filed in this Court.

**4.** In its brief to the Court of Appeals, the State argued that,

As a general rule, appellate courts should afford almost total deference to a trial court's determination of the historical facts that the record supports, especially when the trial court's fact findings are based on

an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim.App.1997).

In the instant case, the juvenile court's order affirmatively found that appellant was properly summoned in compliance with .TEX FAM.CODE § 53.07. The court based that decision on the personal affirmation by appellant that he had been served with the Original Petition. Although some evidence to the contrary exists in the return for service, the trial court was free to assess the facts and accept appellant's personal statement over a possible documentary mistake. Under these circumstances, the trial court properly found that personal service had been accomplished.

**5.** The dissent claims that the Court of Appeals failed to consider the State's argument because "there is *no* evidence of appellant's admission of personal service." *Post* at 109 (emphasis added). The dissent argues that when the juvenile court asked the appellant "were you served with notice of this summons at least two entire days before today?," and he answered that he had been, the juvenile court was actually asking whether he had notice of the summons, not whether he had been served. *Id.*

The dissent's interpretation of this exchange strains logic. It would not make sense for the

The Court of Appeals noted the State's argument. But it did not respond to it. In dealing with the question of "Proper Personal Jurisdiction," the Court made two holdings. It said first that the presumption of regularity has not been applied in juvenile cases. *See id.* at 749.[6] It then said that "the State argues that under the circumstances, appellant, in effect, waived such service." *Ibid.* Neither of these was responsive to the State's argument.

■ The presumption of regularity is a judicial construct that requires a reviewing court, absent evidence of impropriety, to indulge every presumption in favor of the regularity of the proceedings and documents in the lower court. *See McCloud v. State,* 527 S.W.2d 885, 887 (Tex.Cr.App. 1975). The Court of Appeals held that the presumption of regularity should not apply to discretionary juvenile-transfer proceedings. *See Light,* 993 S.W.2d at 749. This was a threshold determination that does not seek to evaluate the merits of whether

error occurred; instead it determines whether the presumption applies to the particular document or proceeding at issue.[7] Only if a presumption does apply would a court go on to ask whether there is evidence sufficient to overcome the presumption. Since the Court of Appeals initially determined that the presumption as a rule does not apply to juvenile-transfer orders, it did not address the State's argument concerning the appellant's admission in making this determination. Once the Court of Appeals decided not to apply the presumption of regularity, it should have then evaluated all of the evidence, including the appellant's admission that he was served, without using the presumption.

■ In the only part of the opinion that addressed the State's argument that the juvenile court was justified in relying on the appellant's admission that he was personally served, the third paragraph of the "Proper Personal Jurisdiction" section, the Court of Appeals construed the State's argument as "that [the] appellant, in ef-

juvenile court to have asked whether the appellant had been given notice that somewhere existed a summons for him when the law clearly required that the appellant be personally served. And the court's inquiry about whether he had been served "two entire days before today" reinforces the interpretation that the court was asking about proper personal service on the appellant, not notice of service on someone else. This inquiry reflects that the court was aware of the specific requirements of sections 53.07 and 54.02 and attempted to verify that those requirements had been met. It is unlikely that the juvenile court was aware of those sections yet ignorant of the requirements of section 53.06.

Under the most conceivable meaning of the juvenile court's question, the appellant's answer clearly was *some* evidence that could support its decision that service was proper.

6. We note that the question of whether the presumption of regularity should apply to juvenile-transfer orders is not before us, and we do not address it in this opinion.

7. The applicability of the presumption of regularity has depended on the portion of the judgment sought to be upheld or the particular proceeding alleged to have been properly conducted. *Compare, Ex Parte George,* 913

S.W.2d 523, 526 (Tex.Cr.App.1995) (stating that the presumption of regularity applies to the recital of acquittal in a judgment absent evidence to the contrary); *Breazeale v. State,* 683 S.W.2d 446, 449 (Tex.Cr.App.1984) (applying the presumption of regularity to the recital in a judgment of the waiver of a jury trial); *Leno v. State,* 934 S.W.2d 421, 423 (Tex.App.—Waco 1996), *pet. dism'd,* 952 S.W.2d 860 (Tex.Cr.App.1997) (ruling that the presumption applies to the failure to include either the juvenile's age or birth date in the juvenile-transfer order); *with Goffney v. State,* 843 S.W.2d 583, 585 (Tex.Cr.App.1992) (holding that the presumption will not uphold a recital in a judgment of the waiver of the right to counsel absent evidence that the trial court also warned the defendant about the dangers and disadvantages of self-representation); *White v. State,* 576 S.W.2d 843, 845 (Tex.Cr. App.1979) (holding that the presumption of regularity does not apply to whether a juvenile has been provided an examining trial before indictment in the in the District Court to which he is transferred because adults do not have a similar right to an examining trial once indicted); *Leno,* 934 S.W.2d at 423 (ruling that the presumption does not apply to the reasons in the juvenile-transfer order for transferring the juvenile to be tried as an adult).

fect, waived such service." *Id.* at 749. The Court of Appeals held that a juvenile may not waive proper service without complying with Family Code sec. 51.09.[8] *Id.* at 749–50. The court's discussion of waiver, however, did not address whether the trial court was justified in relying on the appellant's admission instead of the return of the process.[9]

The appellant responds that he admitted that the service on his father had given him notice of the certification hearing, but he did not admit that he had been personally served by the State. We decline to interpret what the appellant meant by his admission. The meaning of the appellant's admission is a fact question best left to the trial court. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Cr.App.1997) (holding that appellate courts should show almost total deference to a trial court's findings of fact especially when those findings are based on an evaluation of credibility or demeanor).

We vacate the judgment of the Court of Appeals and remand the case to the Court of Appeals to address the contention set forth above and raised in the State's brief in that court.

JOHNSON, J., filed a dissenting opinion.

JOHNSON, J., filed a dissenting opinion.

I respectfully dissent. The majority remands this cause because it says that the Court of Appeals did not address an argument raised by the state in its appellate brief. I disagree.

We granted the state's petition for discretionary review on the following ground: "The Third Court of Appeals erroneously failed to address the state's argument that appellant admitted on the record that he had been personally served before an adult certification hearing was held." In the court of appeals, the state argued that, given the evidence, "the trial court was free to assess the facts and accept appellant's personal statement over a possible documentary mistake" and that "under these circumstances, the trial court properly found that personal service had been accomplished." In a footnote, it noted "that [Tex. Fam. Code § 53.06] does not

---

8. "Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:

   (1) the waiver is made by the child and the attorney for the child;
   (2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;
   (3) the waiver is voluntary; and
   (4) the waiver is made in writing or in court proceedings that are recorded." Fam Code § 51.09.

9. The dissent claims that the State only argued that the appellant waived personal service by his admission. *Post* at 108–09. It argues that the State did not argue that the trial court should have been permitted to accept the appellant's admission over contrary information on the return of the process as an affirmative showing of proper personal service and that this factual finding should have been given deference on appeal. *Id.* In the

five-paragraph section of the State's brief to which the dissent points, the first two paragraphs claim waiver, and the remaining three argue for appellate deference to the juvenile court's factual determinations. For the last three paragraphs of this section, see *supra* note 4.

In addition to the amount of space that the State provides its argument in this section, the dissent's claim that the State only argued waiver is belied by the citation to *Guzman* in the State's argument. *Guzman* is simply irrelevant to question of waiver, while highly relevant to whether the Court of Appeals should have deferred to the juvenile court's factual finding.

Simply because the State made alternative arguments as to the legal effect of the appellant's admission, the Court of Appeals was not left free to pick and choose which facets of the State's argument it would address. We think that the requirement that the courts of appeals address every issue necessary to dispose of an appeal comprehends addressing alternative arguments as well as arguments that are more distinct in their topics.

expressly prevent a child from waiving service of the summons by failing to object or making a contrary personal admission of service to a judge." Citing to Tex. Fam. Code § 53.06(e), the state also conceded that "a child does not waive service of the summons by a voluntary appearance at the hearing." Thus, the state's argument, while not a model of clarity, appears to be that appellant's admission waived such service.

In the section of the court of appeals' opinion labeled "Proper Personal Jurisdiction," the court first notes that the state's argument "relies upon appellant's affirmative answer to the juvenile court's inquiry about service and the finding in the juvenile court's order that 'all' persons had been properly summoned in compliance with section 53.07 of the Family Code." *Light v. State,* 993 S.W.2d 740, 749 (Tex. App.—Austin 1999). It then goes on to state that

[t]he cases discussed earlier make clear that a juvenile cannot legally waive the personal service of the summons in a certification hearing. Nevertheless, the State argues that under the circumstances, appellant, in effect, waived such service. It observed, however, that under Title 3 of the Juvenile Justice Code of Chapter 51 of the Family Code, *any right granted to a child under the title or by the constitution and laws of this state or the United States may be waived only if the waiver is made by the child and his attorney after being duly warned of the right and the consequences of waiving it, is voluntary, and is made in writing or in a recorded court proceeding. See* Tex. Fam.Code

Ann. § 51.09(a) (West 1996). *No such waiver appears in the instant record. Id.* at 749–50 (emphases added).

The above paragraph shows clearly that the court answered the state's argument of waiver by appellant's admission. The court found that under the strict language of the code, personal service could be waived only under certain conditions, and that these conditions do not include appellant's admission in the instant case.

Furthermore, to the extent that the state's argument can be read to say, as the majority argues, that appellant's admission is evidence of personal service that should be taken into account in reviewing the trial court's determination that appellant had been personally served, the court of appeals rejected that argument,[1] and for good reason. Contrary to the state's assertion, it appears that there is no evidence of appellant's admission of personal service. According to both the court of appeals[2] and the state's own brief, the court asked appellant, "Were you served with notice of this summons at least two entire days before today." Appellant answered, "Yes, Your Honor." Certainly appellant had notice of the summons; he knew that his father had been served. The issue, however, is whether there has been compliance with the requirement of *personal* service mandated by Tex. Fam. Code § 53.07, not whether appellant knew through his father that his case had been set on a particular day.

The Court of Appeals addressed all arguments raised by the state in its brief to that court, which is all that it was required to do.[3] *See* Tex.R.App. P. 47.1. Because

---

**1.** *See Light,* 993 S.W.2d at 743–44 ("The record reflects that appellant was not served personally with a summons or a copy of the petition. The summons directed to appellant was served upon appellant's father by an investigator for the county attorney's office ... The record reflects only one attempted service of summons on appellant.")

**2.** *See id.*

**3.** In its brief to this court, the state appears to make an additional argument: appellant is estopped by his personal admission from complaining about lack of personal service. This argument was not made to the court of appeals on original submission, but was first argued in the court of appeals on the state's motion for rehearing, and then only in a footnote. The court of appeals overruled the motion for rehearing, and was within its dis-

there is no basis for remanding this case, I dissent.

cretion in doing so.  *See Rochelle v. State*, 791   S.W.2d 121, 124–25 (Tex.Crim.App.1990).