CROCKETT v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-286-CR

KELLY CROCKETT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Kelly Crockett appeals from his conviction for the offense of aggravated assault with a deadly weapon.  Appellant signed a judicial confession and waived a reporter’s record.  The trial court accepted Appellant’s open plea of guilty to count IV of the indictment without making a finding of guilt and ordered a PSI pending sentencing.  On June 18, 2004, the trial court found Appellant guilty and sentenced him to sixteen years’ imprisonment.  In one point, Appellant contends that there is no judicial confession that includes an admission of the use or exhibition of a deadly weapon but only a judicial confession to the lesser included offense of aggravated assault.  Furthermore, Appellant contends that because the trial court entered a deadly weapon finding, his due process rights were violated because there was an increase of punishment over the statutory range.  We affirm the trial court’s judgment.

Here, the State asserts that Appellant’s argument is that the record is insufficient to support his conviction for the offense of aggravated assault with a deadly weapon because the record fails to reflect that Appellant admitted the use or exhibition of a deadly weapon, but the court nevertheless entered a deadly weapon finding.  We agree with the State.

The pertinent portions of the court documents signed and referenced by Appellant are found on the last page of the court’s written plea admonishments, which state:

I hereby, in open Court, enter my plea of 
guilty
,
(footnote: 2) to the (allegations contained in the INDICTMENT/INFORMATION against me)-(lesser included offense of 
Aggravated Assault
).

. . . . . 

I further state that I have read the indictment or information filed in this case and that I committed each and every allegation it contains. I am guilty of the offense alleged as well as all lesser included offenses. I swear to all of the foregoing and I further swear that all testimony I give in the case will be the truth, the whole truth and nothing but the truth, so help me God.

Appellant maintains that although his written plea of guilty refers to the offense of aggravated assault, the form does not state whether it refers to Texas Penal Code section 22.02(a)(1) or section 22.02(a)(2), (which describe felony assault) or to misdemeanor assault under Texas Penal Code section 22.01 (because Appellant argues that an admission of aggravated assault, coupled with two references to lesser included offenses could support a plea to Class A misdemeanor assault causing bodily injury).

The State, however, points out that the first page of the court’s written 

admonishments, which Appellant signed, specifically provides that the felony offense Appellant is charged with is “Aggravated Assault-Bodily Injury-Deadly Weapon.”  Appellant, along with his attorney, signed an acknowledgment stating that he understood the “foregoing admonishments.”  Those foregoing admonishments listed the aggravated assault-bodily injury-deadly weapon as a second degree felony.  Furthermore, Appellant’s judicial confession admitted that he was “guilty of the offense alleged 
as well 
as all lesser included offenses.”  [emphasis added].

Moreover, Appellant and his attorney signed a “recommendation by the prosecutor” that reflected that Appellant agreed with the recommendation indicated on the form.  The form indicates that the agreed recommendation was an “open plea to the court” to the charge of “Aggravated Assault-Bodily Injury-Deadly Weapon.”  The form includes the specific offense code for the offense (130116 ), the degree of the offense (F2), and the penalty range for the offense (2 years-20 years ID-TDCJ; up to $10,000).

Although it appears from the above mentioned documents in the clerk’s record that Appellant knew what he was admitting to, the contents of the clerk’s record are not evidence unless the trial court takes judicial notice of them or they are offered into evidence.  
See Elwell v. State, 
872 S.W.2d 797, 798-800 (Tex. App.—Dallas 1994, no pet.); 
White v. State
, 871 S.W.2d 833, 836 (Tex. App.—Houston [14th Dist.] 1994), 
overruled on other grounds by, Richards v. State 
150 S.W.3d 762 (Tex. App.—Houston [14th Dist.] 2004); 
Shields v. State
, 820 S.W.2d 831, 833 (Tex. App.—Waco 1991, no pet.)  Nothing before us indicates that the trial court took judicial notice of the contents of the clerk’s record.  Of course, the only record before us is the clerk’s record because Appellant affirmatively waived his right to a reporter’s record.  Texas Rule of Appellate Procedure 34.6(c)(5) provides:

In a criminal case, if the statement contains a point complaining that the evidence is insufficient to support a finding of guilt, the record must include all the evidence admitted at the trial on the issue of guilt or innocence and punishment.

A criminal defendant may not waive the making of a record and then, on appeal, rely on the absence of evidence to support reversal of his conviction.  
Tex. R. App. P
. 34.6(c)(5); 
McDougal v. State
, 105 S.W.3d 119, 121 (Tex. App.—Fort Worth 2003, pet ref’d).

Article 1.15 clearly requires the State to introduce sufficient evidence into the record to support a guilty plea.  
Tex. Code Crim. Proc. Ann
. art. 1.15 (Vernon 2005).  An appellant in a criminal case must bring forth a complete record in support of his complaint and bears the burden of demonstrating that the State failed to satisfy the requirements of article 1.15.  
McDougal
, 105 S.W.3d at 121.  The presumption of regularity is a judicial construct that requires a reviewing court, “absent evidence of impropriety,” to indulge every presumption in favor of the regularity of the trial court’s judgment.  
Light v. State
, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000).  The presumption of regularity of the judgment and proceedings has been consistently upheld absent a showing to the contrary.  
Dusenberry v. State
, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d).  The burden is on the defendant to overcome the presumption.  
Id
. 

Without a reporter’s record, we cannot review whether the State introduced evidence at the plea proceeding.  However, we must presume there was sufficient evidence to sustain and support the judgment.  
Light, 
15 S.W.3d at 107
; see Allison v. State
, 618 S.W.2d 763, 765 (Tex. Crim. App. [Panel Op.] 1981) (holding that without statement of facts from plea hearing, court could not determine whether transcript constituted all evidence presented to trial court);
 McDougal
, 105 S.W.3d at 121 (holding defendant failed to bring forward sufficient record to support his challenge to sufficiency of evidence when he waived right to have plea proceeding recorded); 
Williams v. State
, 950 S.W.2d 383, 385 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d) (holding lack of statement of facts from plea hearing is sufficient reason to overrule sufficiency challenge).
(footnote: 3)  Accordingly, Appellant failed to meet his burden.  We overrule Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL B:  HOLMAN, GARDNER, and McCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  May 5, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4. 

2:
We note that the terms “guilty” and “Aggravated Assault” were hand written into the form.

3:
Under prior rules of appellate procedure, what is now the “reporter’s record” was called a “statement of facts.”  
See Champion v. State
, 126 S.W.3d 686, 692 (Tex. App.—Amarillo 2004, pet. ref’d) (discussing former rule 50(e)).  The “clerk’s record” was called a “transcript.”  
Id
.