

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00396-CR

JULIAN BAEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 25,304-C, Honorable Ana Estevez, Presiding

September 20, 2016

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Julian Baez, was indicted for the offense of aggravated robbery.[1] Following the return of the original indictment by the grand jury, the State filed a motion requesting the trial court's approval to amend the indictment. The trial court approved the State's amendment to the indictment and appellant was tried on the amended indictment. Following the jury's guilty verdict, the same jury assessed appellant's

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011).

punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) for 45 years.

Appellant has perfected his appeal and presents four issues for our consideration. First, appellant contends that the indictment as amended deprived the trial court of subject matter jurisdiction. Second, appellant contends that, because there was no notice of amendment to the indictment, he is entitled to a new trial. Third, the amended indictment alleged only the misdemeanor offense of theft with a deadly weapon. Therefore, the sentence of 45 years was beyond the statutory range of punishment and the case must be remanded for a new punishment hearing. Finally, in the alternative to issue three, appellant contends that the trial court's charge on the range of punishment—five to 99 years' confinement—caused egregious harm because that range of punishment was beyond the range for the offense of theft of which appellant was actually convicted. Disagreeing with appellant, we will affirm the judgment entered by the trial court.

Factual and Procedural Background

Appellant does not contest the sufficiency of the evidence to support the jury's verdict. Accordingly, we will only address as much of the factual background as is necessary to address the issues raised. Appellant was originally indicted for the offense of aggravated robbery on July 23, 2014. The original indictment, omitting the formalities, reads as follows:

> JULIAN BAEZ, hereinafter called the defendant, on or about the 2nd day of February, 2012, A.D. and before the presentment of this indictment, in said County and State, did then and there while in the course of committing theft and with the intent to obtain or maintain control of the

2

property, intentionally and knowingly threaten or place William Yarbrough in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm. . . .

The indictment then contains two enhancement paragraphs alleging prior felony convictions. Subsequently, on June 19, 2015, the State filed a motion to amend the indictment. The trial court granted the State's request by entering the order amending the indictment on the same day. The amended indictment reads, again omitting certain of the formalities, as follows:

JULIAN BAEZ, hereinafter called the defendant, on or about the 2nd day of February, 2012, A.D. before the presentment of this indictment, in said County and State, did then and there while in the course of committing theft, intentionally and knowingly threaten or place William Yarborough in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm. . . .

At the time of his original indictment, appellant was incarcerated at a federal correctional institution in Kentucky. After the State had provided notice of the detainer placed on appellant, appellant began requesting a final disposition of the aggravated robbery charge. The first request for a "final disposition" was filed on July 21, 2014, after a complaint had been filed but before the grand jury indictment had been returned. Appellant's first request for final disposition does not appear to comport with the requirements of the Interstate Agreement on Detainers. *See* TEX. CODE CRIM. PROC. ANN. art. 51.14 (West 2006).[2] Appellant filed a second request for final disposition on September 20, 2014. Ultimately, appellant was returned to Texas from federal custody to stand trial on July 2, 2015. Throughout the process of requesting final disposition, appellant consistently referred to the pending charge of aggravated robbery. Appellant

---

[2] Further reference to the Texas Code of Criminal Procedure will be by reference to "Article ____," "article ____," or "art. ____."

appeared before a magistrate and received his magistrate's warnings on July 3, 2015. *See* art. 15.17. At the time of the magistrate's warning, appellant was advised of the charge against him—aggravated robbery.

Trial counsel was appointed to represent appellant on July 16, 2015. On July 17, 2015, the State provided notice of compliance with article 39.14, the discovery statute. *See* art. 39.14. Among the enumerated items that the State furnished to appellant's trial counsel was the indictment.

The case was tried before a jury September 21–23, 2015. The jury returned a verdict of guilty and assessed appellant's punishment at confinement for 45 years in the ID-TDCJ. Appellant now appeals through four issues. We disagree with appellant's issues and will affirm the judgment entered by the trial court.

Amended Indictment and Jurisdiction of the Trial Court

By his first issue, appellant complains about lack of notice regarding the amendment of the language in the indictment. This, according to appellant's theory, relieves him of the burden of complaining about the defect he sees in the indictment before the trial on the merits of his case commenced. *See* art. 1.14(b) (West 2005). In turn, the result is that appellant is able to complain, for the first time on appeal, that the trial court did not have jurisdiction to hear the case. *See id.*

Under appellant's analysis, the lynchpin to his entire argument must be the failure of notice of the amendment to the language of the indictment. To properly analyze this part of the issue, we turn to the record before us.

4

To begin with, appellant's trial counsel was appointed on July 16, 2015. The original indictment was returned on July 23, 2014, and the motion to amend and the order amending the indictment were filed on June 19, 2015, approximately a month before trial counsel was appointed. In all of the various documents filed by appellant that are noted in the supplemental clerk's record, it is abundantly clear that appellant knows that he is charged with aggravated robbery. On July 17, 2015, the State filed a document styled "Notice of Compliance with C.C.P. Article 39.14." *See* art. 39.14. Article 39.14 is the "Discovery" article provided for in the Texas Code of Criminal Procedure. One of the items provided in the "Notice of Compliance" document was noted as "indictment.pdf." The only indictment operative at the time the "Notice" document was filed was the amended indictment of June 19, 2015. When we apply the presumption of regularity to the record before us, we find that there is no evidence suggesting that the indictment provided to appellant's trial counsel was anything other than the amended indictment, and therefore, appellant did have notice of the amended indictment. *See Light v. State,* 15 S.W.3d 104, 107 (Tex. Crim. App. 2000) (en banc) (providing that the presumption of regularity is a judicial construct that requires a reviewing court, absent evidence of impropriety, to indulge every presumption in favor of the proceedings and documents in the lower court).

Appellant also contends that the motion to amend the indictment and the order of amendment does not contain any certificate of service on appellant or his counsel. Addressing lack of notice to counsel first, we note that trial counsel was not appointed until after the indictment was amended. Therefore, there could not have been any certificate of service on trial counsel. Regarding notice to appellant, the record reflects

that he was given his magistrate warnings in person on July 3, 2015, after being returned to Texas from incarceration in a federal prison in Kentucky. Appellant was not present in Randall County at the time of the amendment and, it appears from the record, there was no practical way to serve notice of the amendment on appellant. The top of the magistrate warning advises that the charge against appellant was "Aggravated Robbery, Enhanced." Applying the same presumption of regularity to this document and these proceedings leads us to conclude that appellant had knowledge of the indictment charging him with the offense of aggravated robbery. *See id.* To reiterate, the only indictment pending against appellant on July 3, 2015, was the amended indictment. Finally, we note that the amended indictment was part of the clerk's record and, as such, was part of the public record. Trial counsel, if he truly was not furnished a copy of the amended indictment in the "Discovery" documents, could easily have reviewed the official clerk's record as part of his trial preparation. It is noteworthy that appellant's reply brief acknowledges the time line set forth above and ends with the notation that, "[o]n reflection, the notice of the modification appears to have been proper."

Appellant argues that appellate counsel has spoken to trial counsel who has looked through his records and found no paper or electronic copy of the motion to amend the indictment or of the amended indictment. The problem with appellant's position is that the record contains nothing to support the allegations that trial counsel had no notice. The extra-judicial statements attributed to trial counsel are not part of the record before this Court and we cannot consider them. *See Whitehead v. State,* 130 S.W.3d 866, 872 (Tex. Crim. App. 2004) (holding that the general proposition is that an

6

appellate court may not consider factual assertions that are outside the record).  With these facts and case law in mind, we conclude that trial counsel had received the amended indictment.  *See Light,* 15 S.W.3d at 107.

Inasmuch as we have disagreed with appellant regarding the issue of notice of the amended indictment, we next turn to the issue of the failure of appellant to attack the indictment prior to the commencement of trial.  Article 1.14(b) provides, in pertinent part, as follows:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal. . . .

The record before the Court clearly demonstrates that there was nothing filed with the trial court prior to commencement of the trial objecting to any defect, error, or irregularity in the indictment.  Accordingly, appellant, pursuant to the statute, has waived his right to now complain on appeal about any perceived defect, error, or irregularity. *See* art. 1.14(b).

But, appellant contends that he can raise this precise issue because, under his analysis, the perceived defect, error, or irregularity goes to the issue of the trial court's acquisition of jurisdiction over this action.  Under appellant's theory, the indictment, after amendment, alleges not aggravated robbery, but, rather, an offense that appellant terms "theft by firearm" and that offense would be a misdemeanor offense.  Thus the district court in which the case was tried lacked jurisdiction over the misdemeanor offense.  And, because a question of subject matter jurisdiction may be raised for the first time on appeal, the strictures of article 1.14(b) do not apply.

7

However, appellant is mistaken in his analysis. Appellant fails to consider that the constitution of Texas defines an indictment as a written instrument presented to a court by a grand jury charging a person with commission of an offense. TEX. CONST. art. V, § 12(b). Additionally, article 28.10 provides that an indictment may be amended, as to form or substance, after notice to the defendant. Art. 28.10. Finally, as noted above, any perceived defect, error, or irregularity in an indictment must be brought to the attention of the trial court before the date upon which trial on the merits commences. Art. 1.14(b). A review of appellant's arguments reveals that his complaint is not that he did not have notice of the amendment, but rather, that the effect of the amendment was to remove the *mens rea* requirement from the theft portion of the indictment.

We cannot analyze the effect of the amendment of the indictment in the piecemeal manner suggested by appellant. Instead, we must look at the indictment as a whole and ask the question whether the allegations in the indictment are clear enough that one can identify the offense alleged. *See Teal v. State,* 230 S.W.3d 172, 180 (Tex. Crim. App. 2007). When this holistic approach is taken, the ultimate question is whether the indictment accuses someone of a crime with enough clarity and specificity to identify which penal statute the State intends to prosecute. *See id.* at 181.

In the amended indictment before the Court, it is alleged that appellant, while in the course of committing theft, intentionally and knowingly threatened or placed the complainant in fear of imminent bodily injury or death by the use or exhibition of a firearm. From a holistic approach, it is clear that appellant was charged with aggravated robbery even though the indictment left out the *mens rea* for theft—with intent to obtain or maintain control over property. *See id.* Having reviewed the various reasons

8

appellant contends that the trial court did not have jurisdiction over appellant's trial and found that none of them are persuasive, we overrule appellant's first issue.

*Apprendi* Issue

By his second issue, appellant contends that, even if aggravated robbery was still the offense for which appellant was tried, because the amended indictment left out the *mens rea* element for the theft component, a new trial is required under the United States Supreme Court's holding in *Apprendi v. New Jersey,* 530 U.S. 466, 494, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

Appellant's argument is founded upon the position that trial counsel did not have any notice of the change in allegations in the amended indictment. We have previously addressed this issue in connection with appellant's argument on the first issue. We reiterate that the record does not support appellant's contention. Because of the state of the record, appellant was required to present this argument to the trial court in order to preserve the issue for appellate review. *See* TEX. R. APP. P. 33.1(a); *Clark v. State,* 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (holding that the preservation requirement applies to alleged constitutional errors). Because appellant failed to preserve the issue now presented, we find nothing to review. Appellant's second issue is overruled.

Reformation of the Judgment

Appellant's third issue posits that, because of the amendment to the indictment, the jury could have only found appellant guilty of the offense of theft with a deadly weapon. Thus, the sentence entered in the judgment, based upon the jury's punishment verdict, 45 years' incarceration in the ID-TDCJ, was beyond the statutory

9

range permitted and is an illegal sentence. Accordingly, appellant asks that we reform the judgment or remand for resentencing.

Insofar as appellant's issue is simply contending that the only possible verdict was guilty of theft, we have previously discussed the underlying law and applicable facts concerning such a contention in the first issue. As stated therein, the indictment when read as a whole charged appellant with aggravated robbery. *See Teal,* 230 S.W.3d at 181. As such, the sentence was within the range of punishment for the offense of aggravated robbery. *See* TEX. PENAL CODE ANN. §§ 12.32 (West 2011), 29.03. To the extent that this is appellant's issue, it is overruled.

## Egregious Harm

By his fourth issue, appellant contends that range of punishment set forth in the court's punishment charge to the jury inappropriately listed a range of from five to 99 years' incarceration for the aggravated robbery enhanced by two prior felony offenses. Appellant posits that this is egregious harm because the possible punishment range was, at most, that of a state-jail felony punishment for the theft offense.

Again, appellant's basis for his contention is that the amended indictment alleged nothing more than a theft while using a deadly weapon. This issue has been thoroughly discussed above, and we remain convinced that the indictment, as amended, alleges the offense of aggravated robbery. Accordingly, there is no error in the punishment charge. Appellant's issue is overruled.

Conclusion

Having overruled each of appellant's issues, we affirm the judgment of conviction as entered.

Mackey K. Hancock
Justice

Do not publish.