

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CIRO MONTANO, | § | |
| Appellant, | § | No. 08-21-00061-CR |
| v. | § | Appeal from the |
| THE STATE OF TEXAS, | § | 143rd District Court |
| Appellee. | § | of Reeves County, Texas |
| | § | (TC# 13-02-07743-CRR) |
| | § | |

**MEMORANDUM OPINION**

Ciro Montano is attempting to appeal his conviction for manufacture or delivery of a controlled substance. Finding that Appellant did not timely file his notice of appeal, we dismiss the appeal for lack of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (en banc). In a criminal case, a defendant's notice of appeal is due within thirty days after the day sentence is imposed in open court or after the day the trial court enters an appealable order, or ninety days after the sentence is imposed in open court if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(1), (2). While a

1

court of appeals may extend the time to file the notice of appeal, both the notice of appeal and the extension motion must be filed within fifteen days after the deadline for filing the notice of appeal. *See* TEX. R. APP. P. 26.3. In the absence of a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Here, the trial court entered the judgment of conviction on October 15, 2020.[1] The digital stamp on the notice of appeal indicates that the Reeves County District Clerk filed the document on March 25, 2021.[2] As such, the notice of appeal was not timely filed, meaning that this Court does not have jurisdiction to entertain a direct appeal from his conviction at this point in time.

Accordingly, we dismiss this appeal for lack of jurisdiction.

---

[1] Although the judgment of conviction was not signed by the trial judge until March 24, 2021, the body of the judgment indicates that the actual date of conviction was October 15, 2020. In assessing our jurisdiction in an appeal from a judgment of conviction, we have previously held that we use the date the sentence is imposed or suspended in open court, not the date the judgment is signed and entered by the trial court. *See Roberts v. State*, No. 08-04-00353-CR, 2005 WL 326952, at *1 (Tex. App.—El Paso Feb. 10, 2005, no pet.) (mem. op., not designated for publication). Consequently, October 15, 2020, is the date we will use to assess the notice of appeal's timeliness.

[2] In processing this case, we noted a discrepancy between the Reeves County District Clerk's stamp, which indicated the NOA was filed on March 25, 2021, and the certificate of service, which stated that the NOA was served on the Reeves County District Attorney's Office electronically on October 29, 2020.

A clerk's date stamp is some evidence of the date a document is received by the clerk, but other evidence may establish that a document was actually received electronically by the clerk at an earlier time but was not stamped until a later time. *See Nevarez Law Firm v. Investor Land Servs.*, L.L.C., 610 S.W.3d 567, 568-69 (Tex. App.—El Paso 2020, no pet.) (op. on reh'g) (reinstating appeal where EFSP receipt showed that document that had been file-stamped by clerk the morning of March 6 had actually been timely eFiled at 4:51 p.m. on March 5). Consequently, in light of the discrepancy between these two dates, the Clerk of the Court sent a 10-day letter asking Appellant to respond and show cause why this matter should not be dismissed for want of jurisdiction. Appellant failed to respond.

Thereafter, on May 12, 2021, this Court issued an order requiring Appellant to, within 10 days, explain the discrepancy, "show grounds for continuing this appeal, and to provide a receipt from the EMF showing the NOA was timely filed, if such a receipt exists." Receiving no response, the case was set for dismissal. Thereafter, on July 6, 2021, Appellant's counsel filed a letter dated May 28, 2021, indicating Appellant had conveyed to him he no longer wished to purse his appeal. To date, Appellant has not provided evidence that would rebut the presumption of regularity in the Reeves County District Clerk's records, and the date on the file stamp controls. *See Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000) (presumption of regularity requires reviewing court "to indulge every presumption in favor of the regularity of the proceedings and documents in the lower court" absent "evidence of impropriety").

GINA M. PALAFOX, Justice

July 7, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)