# NO. 12-21-00006-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY DELTON WARREN,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Larry Delton Warren appeals the trial court's order denying his motion to rescind or correct the court's order to withdraw funds from his inmate trust account. In four issues, Appellant challenges the denial as it pertains to the withdrawal of funds for his fine, court costs, and attorney's fees. We affirm in part and reverse and remand in part.

## BACKGROUND

Appellant was convicted of murder on August 28, 2013.[1] The trial court assessed his punishment at imprisonment for a term of sixty years and a fine of $1,000.00. Court costs were assessed in the amount of $464.00. Appellant did not contest the fine or court costs on direct appeal.[2]

On June 5, 2015, the trial court issued an order directing the Texas Department of Criminal Justice to withdraw $10,301.75 from Appellant's inmate trust account to pay for his fine, court costs, and appointed attorney's fees. On August 13, 2020, Appellant filed a motion to

---

[1] A first-degree felony as charged, punishable by imprisonment for a term of not more than ninety-nine years or less than 5 years and a possible fine not to exceed $10,000.00. *See* TEX. PENAL CODE ANN. §§ 12.32, 19.02 (West 2019).

[2] *See* **Warren v. State**, No. 12-13-00309-CR, 2014 WL 2970006 (Tex. App.—Tyler June 30, 2014, pet. ref'd) (mem. op., not designated for publication).

1

rescind or correct the withdrawal order on grounds that he was denied due process,[3] specifically, that the amount specified in the order was "excessive then the amount allowed for by law, is unsupportive, was ex parte, and for expenses that were not incurred" by him.

In the motion to rescind, Appellant first argued that the $1,000.00 fine should be deleted because the trial court did not assess a fine at sentencing but "explicitly pronounced that a fine had been omitted." Second, he argued that he was entitled to reimbursement of $35.00 he paid for the following fees without a statutory basis: "$22.50 for District Clerk County Records Preservation; $5.00 for District Clerk Security; $2.00 for Indigent Defense Fund; and $6.00 for Judiciary Composition Fee." Third, Appellant argued that he was entitled to reimbursement of $559.23 deducted from his inmate account for court appointed attorney's fees, charged in the amount of $8,837.75, because court appointed attorney's fees "are not collectable pursuant to Section 501.014(e) of the Texas Government Code" and

> the Court did not make a fact specific determination that the Applicant had the financial resources to enable him to offset, in part or in whole, the costs of the legal services provided, even if the assessment of the costs for court appointed attorney fees, even if the fees assessed were for the reimbursement of appointed attorney fees. *See Williams v. State*, 332 S.W.3d 694 (Tex. App.—Amarillo 2011, pet. denied).

Fourth, Appellant argued that he was entitled to reimbursement of $140.00 deducted from his inmate trust account for a sheriff's fee because there is no statutory basis for the cost. Finally, he argued that he was entitled to rescission of the withdrawal order because "no court costs or any other associated fees were pronounced" against him.

On September 16, 2020, the trial court notified Appellant by letter, along with a bill of costs dated August 26, 2020, that his motion to rescind was denied. This appeal followed.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion contesting a withdrawal order under an abuse of discretion standard. *Maldonado v. State*, 360 S.W.3d 10, 13 (Tex. App.—Amarillo 2010, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010). Furthermore, a trial court abuses its discretion if it reaches a decision so arbitrary and

---

[3] *See* U.S. CONST. amend. XIV, § 1; TEX. CONST. art. I, § 19.

unreasonable as to amount to a clear and prejudicial error of law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985).

## FINE

In Appellant's first issue, he argues that the trial court erred by denying his motion to rescind the withdrawal order as it pertains to the fine because the fine was not pronounced at the time of sentencing. The State disputes Appellant's assertion that the fine was not pronounced.

A defendant's sentence must be orally pronounced in his presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West Supp. 2021); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). A fine is part of the sentence and generally must be orally pronounced in the defendant's presence. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500.

The presumption of regularity created by recitals in a trial court's judgment can be overcome only when the record otherwise affirmatively reflects that error occurred. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). The presumption of regularity requires a reviewing court, absent evidence of impropriety, to indulge every presumption in favor of the regularity of the proceedings and documents in the lower court. *Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000). The burden is on the appellant to overcome the presumption of regularity. *Macias v. State*, 539 S.W.3d 410, 420 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd).

Here, Appellant fails to carry his burden of overcoming the presumption of regularity. No record of the sentencing hearing was made a part of the appellate record. The court's docket entry on the date of the sentencing hearing states that the $1,000.00 fine was assessed. The original judgment recites a fine of "N/A," but a nunc pro tunc judgment was filed on September 18, 2013, reciting a fine of $1,000.00.[4] Because we find no indication in the record that the court did not assess the fine at the sentencing hearing, we presume the fine was properly recited in the judgment nunc pro tunc. *See Breazeale*, 683 S.W.2d at 450; *Light*, 15 S.W.3d at 107. Accordingly, we conclude that the court did not err by denying Appellant's motion to rescind the

---

[4] Judgments nunc pro tunc may be used only to correct clerical errors. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994).

withdrawal order as it pertains to the fine. *See **Maldonado***, 360 S.W.3d at 13; ***Quixtar***, 315 S.W.3d at 31; ***Johnson***, 700 S.W.2d at 917. We overrule Appellant's first issue.

<u>**COURT COSTS**</u>

In Appellant's second issue, he argues that the trial court erred by denying his motion to rescind the withdrawal order as it pertains to his court costs because (1) no evidence was introduced to support the court cost amount at the time it was assessed and (2) the "maximum fees that could have been assessed against the Appellant as Court Costs was the sum of $133.00. See., Section 102.021 of the Texas Government Code." We disagree with both conclusions.

The code of criminal procedure requires that a judgment order a defendant to pay court costs. TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018); ***Johnson v. State***, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Court costs are not punitive and, therefore, need not be included in the oral pronouncement of sentence as a precondition to their inclusion in the written judgment. ***Weir v. State***, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). Court costs are not part of the guilt or sentence, nor must they be proven at trial. ***Johnson***, 423 S.W.3d at 390. We review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove the cost. ***Id.***

Appellant's first argument fails because the introduction of evidence to support the court cost amount was not required. *See **id.*** His second argument fails because Section 102.021 does not impose a limit on the amount of court costs. The version of that statute in effect at the time of Appellant's offense states that a "person convicted of an offense shall pay the following under the Code of Criminal Procedure, in addition to all other costs," and then lists various costs associated with specific offenses. *See* Act of June 21, 2003, 78th Leg., ch. 1278, § 1, 2003 Tex. Sess. Law Serv. 4655, 4667 (current version at TEX. GOV'T CODE ANN. § 102.021 (West Supp. 2021)). The costs about which Appellant complained in his motion to rescind are all based on statutes that were in effect at the time of his offense. *See* Act of Sept. 1, 1985, 69th Leg., ch. 269, § 1 (records management fee) (repealed by Acts 2019, 86th Leg., ch. 1352, § 1.19(3), eff. Jan. 1, 2020); Act of Sept. 1, 1993, 73rd Leg., ch. 818, § 1 (courthouse security fund) (current version at TEX. CODE CRIM. PROC. ANN. § 102.017 (West Supp. 2021)); Act of Dec. 1, 2005, 79th Leg., 2nd C.S., ch. 3, § 12 (judicial support fee) (repealed by Acts 2019, 86th Leg., ch. 1352, § 1.19(12), eff. Jan. 1, 2020); Act of Sept. 1, 2007, 80th Leg., ch. 1014, § 6, 2007 Tex.

Sess. Law Serv. 3546, 3548 (indigent defense fee) (repealed by Acts 2019, 86th Leg., ch. 1352, § 1.19(13), eff. Jan. 1, 2020); Act of Sept. 1, 1987, 70th Leg., ch. 821, § 2 (peace officer writ service fee) (current version at TEX. CODE CRIM. PROC. ANN. § 102.011 (West Supp. 2021)). For these reasons, we conclude that the court did not err by denying Appellant's motion to rescind the withdrawal order as it pertains to court costs. *See Maldonado*, 360 S.W.3d at 13; *Quixtar*, 315 S.W.3d at 31; *Johnson*, 700 S.W.2d at 917. Accordingly, we overrule Appellant's second issue.

### ATTORNEY'S FEES

In Appellant's third and fourth issues, respectively, he argues that the trial court erred by denying his motion to rescind the withdrawal order as it pertains to his attorney's fees because (1) "it entered an ex parte withdrawal order to collect court appointed attorney fees under Section 501.014(e) of the Texas Government Code," and (2) the evidence is insufficient to support a finding that he has the financial resources and ability to reimburse $8,837.75 in court appointed attorney's fees. The State agrees that the evidence is insufficient, and so do we.

The code of criminal procedure authorizes the appointment of counsel for indigent defendants. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(a) (West Supp. 2021). Counsel is to be appointed only when indigency is shown. *Gray v. Robinson*, 744 S.W.2d 604, 607 (Tex. Crim. App. 1988). A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2021).

If, after the defendant is convicted, the trial court determines that he has financial resources that enable him to offset, in whole or in part, the costs of legal services provided by a court-appointed attorney, the court must order the defendant to reimburse the amount it finds he can pay. *Id.* art. 26.05(g) (West Supp. 2021). Before the court may order reimbursement of attorney's fees by such a defendant, it must determine based on facts in the record that the defendant has the financial resources to enable him to offset, in whole or in part, the costs of the legal services provided. *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.). If the record does not show that the defendant's financial circumstances materially changed, there is no basis for ordering the reimbursement of attorney's fees. TEX. CODE CRIM.

PROC. ANN. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552, 553, 557 (Tex. Crim. App. 2010); *Johnson*, 405 S.W.3d at 354.

The record in this case contains no direct proof that the trial court determined Appellant was indigent at the time of trial. However, the bill of costs states that he owes $8,837.75 for a court appointed attorney. Because counsel may be appointed only when indigency is shown, we presume that the trial court determined that Appellant was indigent before appointing counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(a); *Gray*, 744 S.W.2d at 607. We find no facts in the record to support a finding that, since the court made the indigency finding, Appellant's financial circumstances materially changed such that he now has the financial resources to enable him to offset, in whole or in part, the costs of the legal services provided. Therefore, there is no basis for the order to reimburse attorney's fees. TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer*, 309 S.W.3d at 553, 557; *Johnson*, 405 S.W.3d at 354. Accordingly, the court erred by denying Appellant's motion to rescind the withdrawal order as it pertains to the attorney's fees. *See Maldonado*, 360 S.W.3d at 13; *Quixtar*, 315 S.W.3d at 31; *Johnson*, 700 S.W.2d at 917. We sustain Appellant's fourth issue. Because we sustain Appellant's fourth issue, we need not address his third issue. *See* TEX. R. APP. P. 47.1 (court of appeals opinion must be as brief as practicable and need address only issues necessary to final disposition of appeal).

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's order denying Appellant's motion to rescind as it pertains to his fine and court costs. Having sustained Appellant's fourth issue, we *reverse* the trial court's order denying Appellant's motion to rescind as it pertains to his court appointed attorney's fees and *remand* the cause to the trial court for further proceedings consistent with this opinion.

BRIAN HOYLE
Justice

Opinion delivered January 26, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 26, 2022**

**NO. 12-21-00006-CV**

**LARRY DELTON WARREN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 31182)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **affirmed** as it pertains to the fine and court costs, and **reversed** as it pertains to the attorney's fees and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*