NO. 07-10-0258-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 17, 2010

_____


MANUEL ORTIZ MALDONADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 18,800-A; HONORABLE DAN SCHAAP, JUDGE[1]

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.


**OPINION**


This is an appeal from an order denying Manuel Ortiz Maldonado's contest of a withdrawal notification issued pursuant to section 501.014(e) of the Texas Government Code. Finding the trial court erred in not correcting the withdrawal notification at issue, we reverse and render.

---

[1]Hon. Abe Lopez, Retired Judge sitting by assignment in the 47th District Court of Randall County, Texas. *See* Tex. Gov't Code Ann. § 75.002(a)(3) (West 2005).

## Background

On June 13, 2007, Appellant, Manuel Ortiz Maldonado, was convicted of indecency with a child.[2]  Appellant's punishment was assessed at five years confinement and a fine of $1,500.  The summary portion of the judgment entered by the trial court reflects "Costs: $____," while the narrative portion of the judgment orders that "the State of Texas do have and recover of [Appellant] all court costs in this prosecution expended for which let execution issue."  The dollar amount and statutory basis of the court costs was not otherwise specified in the written judgment.  Appellant did not seek a direct review of that judgment.

On May 4, 2010, the Randall County District Clerk prepared a *Bill of Costs* reflecting an amount due of $2,241.50, which sum included the $1,500 fine, $400 in court-appointed attorney's fees, and $341.50 in miscellaneous court costs.  Almost three years after the judgment was entered, using the original underlying criminal cause number, the trial court signed a document entitled *Order to Withdraw Funds*[3] directing

---

[2]*See* Tex. Penal Code Ann. § 21.11(a)(1) (West Supp. 2010).  An offense under subsection (a)(1) of § 21.11 is a felony of the second degree, punishable by imprisonment for any term of not more than 20 years or less than 2 years, and by a fine not to exceed $10,000.  *See* Tex. Penal Code Ann. § 12.33 (West Supp. 2010).

[3]This document is not an "order" in the traditional sense of a court order, judgment, or decree issued after notice and hearing in either a civil or criminal proceeding.  The controlling statute, Tex. Gov't Code Ann. § 501.014(e) (West Supp. 2010), describes the process as a "notification by a court" directing prison officials to withdraw sums from an inmate's account, in accordance with a schedule of priorities set by the statute, for the payment of "any amount the inmate is ordered to pay by order of the court."  *See id.* at § 501.014(e)(1)-(6).  *See also Harrell v. State,* 286 S.W.3d 315, 316, n.1 (Tex. 2009).  This document is more akin to a judgment nisi.  A judgment nisi, commonly used in bond forfeiture proceedings, is a provisional judgment entered when an accused fails to appear for trial.  A judgment nisi triggers the issuance of a *capias* and it serves as notice of the institution of a bond forfeiture proceeding.  It is not final or absolute, but may become final.  *See Safety Nat'l Cas. Corp. v. State,* 273 S.W.3d 157, 163 (Tex.Crim.App. 2008). Nisi means "unless," so a judgment nisi is valid unless a party takes action causing it to be withdrawn.  *Id.*  Similarly, a withdrawal notification issued pursuant to § 501.014(e), triggers a withdrawal from an inmate's account, serves as notice of the collection proceeding, and continues to

the Texas Department of Criminal Justice to withdraw the sum of $2,241.50 from Appellant's "Inmate Trust Account."[4]   On June 24, 2010, Appellant filed a motion contesting the withdrawal notification, contending that his "due process rights" were being violated by this collection process.  On or before June 28, 2010, by handwritten notation upon the Clerk's notification to the trial court of the filing of Appellant's motion, the trial court denied the request *sua sponte.*   Appellant now appeals that denial.

## Appealable Order

In *Harrell v. State*, 286 S.W.3d 315 (Tex. 2008), the Texas Supreme Court held that a withdrawal notification directing prison officials to withdraw money from an inmate account pursuant to § 501.014(e) is a civil matter[5] akin to a garnishment action or an action to obtain a turnover order.  *Harrell*, 286 S.W.3d at 317-19.  Discussing the due process accorded to the appellant, the Court balanced the three factors discussed in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and found that Harrell had "already received some measure of due process."  *Harrell*, 286 S.W.3d at 320.  In determining whether Harrell was accorded constitutional due process, the

operate unless the inmate takes action causing the notification to be withdrawn.  Therefore, rather than refer to that document as an order, we prefer to use the term "withdrawal notification" to avoid confusion with an underlying court order or judgment ordering the payment of a sum falling within at least one of the six priority categories listed in the statute.

[4]Several courts, including this Court, have referred to these inmate accounts as "trust" accounts.  The term "trust" has been removed from their statutory references.  Act of May 11, 1989, 71st Leg., R.S., ch. 212, § 2.01 1989 Tex. Gen. Laws 918, 958, *amended by,* Act of May 17, 1999, 76th Leg., R.S., ch. 326, §1, 1999 Tex. Gen. Laws 1235, 1236 (current version at Tex. Gov't Code Ann. § 501.014 (West Supp. 2010)).  Accordingly, they are simply inmate accounts.

[5]*See Johnson v. Tenth Judicial District Court of Appeals at Waco*, 280 S.W.3d 866, 869 (Tex.Crim.App. 2008) (holding that orders directing withdrawal of funds from inmate trust accounts are not a criminal matter).

3

Court concluded that because Harrell had received notice of the withdrawal (a copy of the withdrawal notification) and an opportunity to contest the dollar amount and statutory basis of the withdrawal (a motion to rescind or modify the withdrawal notification),[6] he received all that due process required. *Id.* at 321. The Court added that neither notice nor an opportunity to be heard need occur before the issuance of a withdrawal notification. *Id.* This Court has interpreted *Harrell* as saying that due process requires that an inmate have an opportunity to contest the dollar amount and statutory basis of the withdrawal by way of a motion to modify, correct, or rescind the withdrawal notification. *Snelson v. State*, No. 07-10-0259-CV, 2010 Tex.App. LEXIS 9016, at *5-6 (Tex.App.--Amarillo Nov. 10, 2010, no pet. h.); *Bryant v. State,* No. 07-10-0358-CV, 2010 Tex.App. LEXIS 8059, at *4-5 (Tex.App.--Amarillo Oct. 5, 2010, no pet.); *Williams v. State,* 322 S.W.3d 301 (Tex.App.--Amarillo 2010, no pet.). The trial court's disposition of such a motion creates an appealable order. *See Ramirez v. State*, 318 S.W.3d 906, 908 (Tex.App.--Waco 2010, no pet.) (holding that "only when [the withdrawal notification is] properly challenged and denied relief is there an order that is final from which the inmate can appeal").

## Standard of Review

We review a trial court's decision whether to deny a motion contesting a withdrawal notification under an abuse of discretion standard. *See Canty v. State,* No. 12-08-00257-CV, 2009 Tex.App. LEXIS 2715, at *3-4, (Tex.App.-Tyler April 15, 2009,

---

[6]The trial court denied Harrell's *Motion to Rescind. See Harrell v. State*, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex. App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007)*, rev'd*, 286 S.W.3d 315 (Tex. 2008).

4

no pet.) (holding that a trial court's decision to hold a civil expunction proceeding is subject to review under an abuse of discretion standard). A trial court abuses its discretion when it acts "without reference to any guiding rules and principles." *Quixtar Inc. v. Signature Mgmt. Team, LLC,* 315 S.W.3d 28, 31 (Tex. 2010) (quoting *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985); *Howell v. State,* 175 S.W.3d 786, 792 (Tex.Crim.App. 2005); *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App. 1990). Furthermore, a trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985).

## Court Costs

A certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is incorporated by reference into the written judgment. *See generally* Tex. Code Crim. Proc. Ann. arts. 103.001 and 103.003 (West 2006); *See also* Tex. Gov't Code Ann., §§ 102.001 - 103.033. (West 2006 and Supp. 2010). Where court costs are imposed as a matter of legislative directive, they do not need to be included in the oral pronouncement of sentence or the written judgment in order to be imposed upon a convicted defendant. *See Weir v. State,* 278 S.W.3d 364, 367 (Tex.Crim.App. 2009) (holding that because legislatively mandated court costs are not punitive, they did not have to be included in the oral pronouncement of sentence as a precondition to their inclusion in the trial court's written judgment); *Smith v. State,* No. 07-09-0009-CR, 2010 Tex.App. LEXIS 3846, at *21 (Tex.App.-- Amarillo May 20, 2010, pet. ref'd) (holding that a precise dollar amount of court costs did

5

not have to be specified in the oral pronouncement of sentence or the written judgment as a precondition to their inclusion in the clerk's bill of costs).

**Court-Appointed Attorney's Fees**

Pursuant to article 26.05(g) of the Texas Code of Criminal Procedure, if a trial court determines that a defendant has financial resources that enable him to repay, in whole or in part, the costs of legal services provided by a court-appointed attorney, the court has authority to order a convicted defendant to pay "as court costs the amount that it finds the defendant is able to pay." *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010). Without record evidence demonstrating a defendant's financial resources to offset the costs of legal services, a trial court errs if it orders reimbursement of court-appointed attorney's fees. *Mayer v. State*, 309 S.W.3d 552 (Tex.Crim.App. 2010). Unless a material change in a criminal defendant's financial resources is established by competent legal evidence, once that defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2010); *Mayer,* 309 S.W.3d at 557.

**Analysis**

As noted, the *Bill of Costs* in the record includes $400 in court-appointed attorney's fees, but the record does not contain a determination or finding that Appellant had any financial resources or was "able to pay" any amount of attorney's fees. What the record does reflect is that, at the time the original judgment of conviction was

6

entered, Appellant was indigent and qualified for court-appointed counsel. Accordingly, we must presume that on June 10, 2010, when the trial court signed the withdrawal notification, Appellant's financial status had not changed. Just as a trial court errs by ordering reimbursement of court-appointed attorney's fees without record evidence demonstrating the defendant has an ability to repay the fees, *see Mayer,* 309 S.W.3d at 557, we find the trial court here abused its discretion by summarily denying Appellant's challenge to the withdrawal notification authorizing withdrawal of funds from his inmate account to reimburse attorney's fees in the absence of a judicial finding required by article 26.05(g).

## Conclusion

Accordingly, we reverse the trial court's order denying Appellant's motion to contest and we render judgment granting the motion to contest, thereby directing the entry of an *Amended Withdrawal Notification Pursuant to Section 501.014(e)*, deleting the attorney's fees of $400. We further order that a copy of the *Amended Withdrawal Notification* be delivered to the Institutional Division of the Texas Department of Criminal Justice.

Patrick A. Pirtle
Justice

7