

IN THE
TENTH COURT OF APPEALS

_____

No. 10-20-00164-CV
No. 10-20-00165-CV

IN RE CARLOS PHILLIP GARCIA

_____

Original Proceedings

_____

## MEMORANDUM OPINION

Relator, Carlos Phillip Garcia, seeks a writ of mandamus in appellate cause numbers 10-20-00164-CV and 10-20-00165-CV compelling the trial court to set aside orders to withdraw funds from his inmate account from a prior conviction and a current conviction and to order those funds taken pursuant to these orders be refunded to him.

In appellate cause number 10-20-00164-CV, Garcia complains that "has been ordered to pay court costs—which the system has withdrawn funds from his account for Cause No. 2002-74-C, in the amount for $507.25; and for Cause No. 2005-1598-C, in the amount for $903.41." Garcia contends that he discharged his sentence in Cause Number

2002-74-C; however, funds have been taken from his inmate account for Cause Number 2002-74-C. Garcia alleges that any withdrawal orders corresponding with his discharged sentence in Cause Number 2002-74-C are void, and the withdrawal of any funds in that cause number constitutes a violation of his right to due process.[1]

In appellate cause number 10-20-00165-CV, Garcia complains about the bill of costs corresponding with his conviction in Cause No. 2005-1598-C. Exhibit 4 of Garcia's mandamus petition is the bill of costs for Cause No. 2005-1598-C, which shows that Garcia was assessed $207 in court costs. However, Exhibit 5, which is a statement produced by the Inmate Trust Fund of the Texas Department of Criminal Justice, shows that Garcia was assessed $903.41 in court costs, of which $849.01 are still owed.

In both appellate cause numbers, Garcia filed motions to rescind the order to withdraw funds on these grounds. The trial court denied Garcia's motions to rescind in each case.[2]

---

[1] Though we deny Garcia's mandamus petition in appellate cause number 10-20-00164-CV on the ground that he has an adequate remedy by appeal, we also note that this Court has addressed a substantially similar argument in *In re Cain*, Nos. 10-19-00407-CR, 10-19-00408-CR, & 10-19-00409-CR, 2020 Tex. App. LEXIS 798 (Tex. App.—Waco Jan. 29, 2020, orig. proceeding), concluding that:

> [B]ecause the obligation of a convicted person to pay court costs is established by statute, court costs are not part of a defendant's sentence, and the Code of Criminal Procedure provides the means and reasons to declare court costs uncollectable, the discharge of a criminal sentence does not, by itself, discharge the court costs owed by a defendant.

*Id.* at *3.

[2] Garcia also appears to complain about the trial court's refusal to rule on his motions to rescind the orders to withdraw funds from his inmate account. While Garcia's petitions for writ of mandamus have been pending in this Court, the trial court denied Garcia's motions to rescind the orders to withdraw

Texas prisoners have a property interest in their inmate accounts. *Harrell v. State*, 286 S.W.3d 315, 319 (Tex. 2009). Section 501.014(e) of the Texas Government Code authorizes the trial court to generate a withdrawal notification (commonly known as an Order to Withdraw Funds) directing prison officials to withdraw money from an inmate's account. TEX. GOV'T CODE ANN. § 501.014(e). However, due process requires that an inmate be afforded the opportunity to contest the dollar amount and statutory basis of the withdrawal of funds via a motion to modify, correct, or rescind the withdrawal notification. *See Owen v. State*, 352 S.W.3d 542, 545-46 (Tex. App.—Amarillo 2011, no pet.) (interpreting *Harrell*). In most instances, a challenge to the assessment of court costs and fees is presented by contesting the trial court's Order to Withdraw Funds. *See Maldonado v. State*, 360 S.W.3d 10, 12 (Tex. App.—Amarillo 2010, no pet.). The trial court's disposition of an inmate's challenge to such an order creates an appealable order. *See Harrell*, 286 S.W.3d at 321 ("We hold an inmate is entitled to notice just as happened here (via copy of the order, or other notification, from the trial court) and an opportunity to be heard just as happened here (via motion made by the inmate)—but neither need occur before the funds are withdrawn. Moreover, appellate review should be by appeal, as in analogous civil post-judgment enforcement actions."); *Ramirez v. State*, 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.); *see also In re Hart*, No. 07-19-00217-CV, 2019 Tex.

_____

funds from his inmate account. As such, Garcia's complaints about the trial court's refusal to rule on his motions are moot.

App. LEXIS 6361, at *5 (Tex. App.—Amarillo July 24, 2019, orig. proceeding); *In re Corker*,

Nos. 07-11-0454-CV & 07-11-0455-CV, 2011 Tex. App. LEXIS 9208, at *5 n.5 (Tex. App.—

Amarillo Nov. 18, 2011, orig. proceeding).

Because the trial court's denial of Garcia's motions to rescind the order to

withdraw funds created appealable orders, we conclude that Garcia has not established

his entitlement to mandamus relief in either appellate cause number. *See Walker v. Packer*,

827 S.W.2d 833. 839 (Tex. 1992) (orig. proceeding) (stating that mandamus will not lie

when there is an adequate remedy by appeal).  We therefore deny Garcia's petitions for

writ of mandamus in appellate cause numbers 10-20-00164-CV and 10-20-00165-CV.[3]

JOHN E. NEILL
Justice

Before Chief Justice Gray
    Justice Davis, and
    Justice Neill
Mandamus petitions denied
Opinion delivered and filed August 19, 2020
[OT06]



---

[3] In light of our disposition, all other pending motions are hereby dismissed as moot.