# NO. 12-20-00257-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY DELTON WARREN,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Larry Delton Warren, acting pro se, appeals the denial of his motion to reimburse court costs he alleges were wrongfully withdrawn from his inmate account. We affirm.

## BACKGROUND

On May 20, 2011, Appellant, pursuant to a plea agreement, pleaded "guilty" to and was convicted of unlawful possession of a firearm by a felon. Appellant was sentenced to ten years imprisonment. The judgment reflects court costs in the amount of $292. On June 7, 2011, the Anderson County District Clerk prepared a Bill of Costs reflecting an amount due of $292. On November 30, 2011, the trial court signed a document entitled "Order to Withdraw Funds" directing the Texas Department of Criminal Justice (TDCJ) to withdraw the sum of $292 from Appellant's "Inmate Trust Account."

On August 20, 2020, Appellant filed a "Motion for Reimbursement of Court Costs." In his motion, Appellant claims he received notice of the withdrawal order on July 20, 2020. He further argues that he is "entitled to the reimbursement of the sum of $150.00 because the amount charged for court costs is excessive and not in an amount prescribed and/or authorized by law." The trial court denied Appellant's motion, finding:

. . . that upon the review of the Court files, the Plea-Bargain paper work (sic) signed by the Defendant and his Attorney of Record reflects that the sum of $292.00 was assessed against the Defendant as court cost[s] in this case.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, that the Defendant's Motion for Reimbursement of Court Costs is hereby denied.

This appeal followed.

## APPEALABLE ORDER

In *Harrell v. State,* 286 S.W.3d 315 (Tex. 2009), the Texas Supreme Court held that a withdrawal notification directing prison officials to withdraw money from an inmate account pursuant to Section 501.014(e) of the Texas Government Code is a civil matter akin to a garnishment action or an action to obtain a turnover order. *Harrell,* 286 S.W.3d at 317–19; *see* TEX. GOV'T CODE ANN. § 501.014(e) (West Supp. 2020) (addressing inmate money). Discussing the due process accorded to the appellant, the Court balanced the three factors discussed in *Mathews v. Eldridge,* 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), and found that Harrell had "already received some measure of due process." *Harrell,* 286 S.W.3d at 320. In determining whether Harrell was accorded constitutional due process, the Court concluded that because Harrell received notice of the withdrawal (a copy of the withdrawal notification) and an opportunity to contest the dollar amount and statutory basis of the withdrawal (a motion to rescind or modify the withdrawal notification), he received all that due process required. *Id.* at 321. The Court added that neither notice nor an opportunity to be heard need occur before the issuance of a withdrawal notification. *Id.*

Due process requires that an inmate have an opportunity to contest the dollar amount and statutory basis of the withdrawal by way of a motion to modify, correct, or rescind the withdrawal notification. *Maldonado v. State,* 360 S.W.3d 10, 13 (Tex. App.—Amarillo 2010, no pet.). The trial court's disposition of such a motion creates an appealable order. *See Ramirez v. State,* 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.) (holding that "only when [the withdrawal notification is] properly challenged and denied relief is there an order that is final from which the inmate can appeal").

STANDARD OF REVIEW

We review a trial court's decision whether to deny a motion contesting a withdrawal notification under an abuse of discretion standard. *Maldonado,* 360 S.W.3d at 13. A trial court abuses its discretion when it acts "without reference to any guiding rules and principles." *Id.* at 13-14. Furthermore, a trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex. 1985).

## COURT COSTS

Texas prisoners have a property interest in their inmate accounts. *Harrell*, 286 S.W.3d at 319; *Abdullah v. State*, 211 S.W.3d 938, 943 (Tex. App.—Texarkana 2007, no pet.). On conviction, the imposition of court costs is mandatory unless the only punishment is a fine. TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2016). Court costs assessed against convicted defendants are compensatory in nature. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). The Legislature intended them as a non-punitive "recoupment of the costs of judicial resources expended in connection with the trial of the case." *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009). Where court costs are imposed as a matter of legislative directive, they do not need to be included in the oral pronouncement of sentence or in the written judgment to be imposed on a convicted defendant. *See id.* at 367.

A certified bill of cost imposes an obligation on a criminal defendant to pay court costs, irrespective of whether that bill is incorporated by reference into the written judgment. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2018). A district clerk is authorized to "collect money payable under this title." *See id.* art. 103.003(a) (West Supp. 2020); *see also* TEX. GOV'T CODE ANN. §§ 102.001-103.034 (West 2019 & Supp. 2020). Legislatively mandated court costs are properly collectible by means of a withdrawal order regardless of ability to pay. *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied).

On appeal, Appellant urges that he should not be charged more than $133 because "Court Costs is fixed by State law." However, Appellant cites us no authority for this assertion and offers no explanation as to how the amount of $133 is derived or why the $292 is unauthorized. Rule 38.1(i) of the Texas Rules of Appellate Procedure requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities

and to the record." TEX. R. APP. P. 38.1(i); ***Ruiz v. State***, 293 S.W.3d 685, 691 (Tex. App.—San Antonio 2009, pet. ref'd).[1] It is not our duty to review the record, research the law, and then fashion a legal argument for an appellant when he has failed to do so. ***Zhang v. Capital Plastic & Bags, Inc.***, 587 S.W.3d 82, 90 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); ***Miller v. State***, 387 S.W.3d 873, 878 (Tex. App.—Amarillo 2012, no pet.); TEX. R. APP. P. 38.1(i). The failure to discuss the evidence that supports Appellant's complaints, present a clear and concise argument, or properly cite applicable legal authority results in nothing being presented for review. *See* ***Rocha v. State***, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000); ***Miller***, 387 S.W.3d at 878. Accordingly, Appellant's issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 18, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. ***Muhammed v. Plains Pipeline, L.P.***, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 18, 2021**

**NO. 12-20-00257-CR**

**LARRY DELTON WARREN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 30553)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*