

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00410-CV

**TERRY ALLEN BRONAUGH,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2002-1074-C2**

## MEMORANDUM OPINION

In two issues, appellant, Terry Allen Bronaugh, complains about the trial court's

denial of his "Motion to Modify 'Order to Withdraw Funds' from Bronaugh's Inmate

Trust Fund Account." We affirm as modified.

### I.  BACKGROUND

In 2003, appellant was convicted of three counts of aggravated sexual assault and

was sentenced to sixty years' incarceration in the Institutional Division of the Texas

Department of Criminal Justice on each count. *See generally Bronaugh v. State*, No. 10-03-00315-CR, 2005 Tex. App. LEXIS 4455, at *1 (Tex. App.—Waco June 8, 2005, pet. ref'd) (mem. op., not designated for publication). The imposed sentences were ordered to run concurrently. The bill of costs corresponding with appellant's 2003 convictions reflected that appellant owed $8,148.52 in court costs. Among these court costs was $7,841.27 in attorney's fees. Appellant subsequently appealed his convictions, and this Court affirmed. *See id.* In his appeal, appellant did not challenge the imposition of court costs associated with his 2003 convictions.

On November 15, 2018, the trial court signed an order to withdraw funds from appellant's inmate account. The order indicated that appellant had incurred $10,552.67 in court costs, fees, and/or fines, and/or restitution. This figure included the original $8,148.52 in courts costs imposed, as well as an additional $2,349.15 in attorney's fees for appellant's court-appointed writ lawyer, $25 for the time-payment fee, and $30 for the OMNI fee.

In response to the trial court's order to withdraw funds, appellant filed a "Motion to Modify 'Order to Withdraw Funds' from Bronaugh's Inmate Trust Fund Account," alleging that he should not have to pay any fees because he is indigent, and because many of the imposed fees are so vague as to violate his due-process right to notice. The trial court denied appellant's motion, and this appeal followed.

## II.   STANDARD OF REVIEW

Texas prisoners have a property interest in their inmate accounts. *Harrell v. State*, 286 S.W.3d 315, 319 (Tex. 2009). Section 501.014(e) of the Texas Government Code authorizes the trial court to generate a withdrawal notification (commonly known as an Order to Withdraw Funds) directing prison officials to withdraw money from an inmate's account. TEX. GOV'T CODE ANN. § 501.014(e). Due process requires that an inmate be afforded the opportunity to contest the dollar amount and statutory basis of the withdrawal of funds via a motion to modify, correct, or rescind the withdrawal notification. *See Owen v. State*, 352 S.W.3d 542, 545-46 (Tex. App.—Amarillo 2011, no pet.) (interpreting *Harrell*). In most instances, a challenge to the assessment of court costs and fees is presented by contesting the trial court's Order to Withdraw Funds. *See Maldonado v. State*, 360 S.W.3d 10, 12 (Tex. App.—Amarillo 2010, no pet.). The trial court's disposition of an inmate's challenge to such an order creates an appealable order. *See Harrell*, 286 S.W.3d at 321; *see also Ramirez v. State*, 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.).

We review a trial court's decision whether to grant or deny a challenge to a withdrawal notification under an abuse-of-discretion standard. *See Williams v. State*, 332 S.W.3d 694, 698 (Tex. App.—Amarillo 2011, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules and principles such that its ruling is arbitrary and unreasonable. *See Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315

S.W.3d 28, 31 (Tex. 2010); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

### III.    ATTORNEY'S FEES

In his first issue, appellant argues that the trial court erred by failing to delete the court-appointed attorney's fees from the withdrawal order because he is indigent, and because nothing in the record suggests a material change in his financial resources.

As noted above, the bill of costs corresponding with appellant's 2003 convictions indicated that appellant owed $7,841.27 in attorney's fees.  Further, appellant appealed his 2003 convictions to this Court, the Court of Criminal Appeals, and the United States Supreme Court.  At no time during the appellate process for his 2003 convictions did appellant challenge the imposition of the $7,841.27 in attorney's fees.

The Court of Criminal Appeals has held that an appellant must raise all issues in a direct appeal or risk procedural default.  *See Riles v. State*, 452 S.W.3d 333, 337-38 (Tex. Crim. App. 2015) ("Contrary to the court of appeals's interpretation, *Wiley* does, in fact, premise procedural default on an appellant's knowledge of, and failure to challenge, an issue. . . . We made clear in *Manuel* and *Wiley* that those issues that an appellant can raise in a direct appeal from the initial judgment must be raised, and that failing to do so results in procedural default."); *Wiley v. State*, 410 S.W.3d 313, 320 (Tex. Crim. App. 2013) (holding that challenges to attorney's fees imposed as a condition of community supervision-deferred adjudication must be raised on direct appeal from the initial order

for deferred adjudication and not the adjudication of his community supervision); *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

Because appellant did not challenge the imposition of the $7,841.27 in attorney's fees corresponding with his 2003 convictions in his direct appeal, and because he knew about the fees, but waited more than fifteen years to challenge the fees, we conclude this complaint is subject to procedural default. *See* TEX. R. APP. P. 26.1 (outlining the deadlines for timely filing a notice of appeal); *see also Riles*, 452 S.W.3d at 337-38; *Wiley*, 410 S.W.3d at 320; *Manuel*, 994 S.W.2d at 661-62.

Regarding the $2,349.15 in attorney's fees that were assessed for appellant's court-appointed writ lawyer, the State concedes that these fees should be deleted from the Order to Withdraw Funds because this fee was added to the bill of costs after appellant appealed his convictions, which served to prevent appellant from challenging this fee on direct appeal.[1] We agree that these attorney's fees should be deleted.

In the instant case, the trial court determined that appellant was indigent and appointed him trial counsel, appellate counsel, and counsel to represent him at the post-conviction writ stage. No evidence was presented regarding any change in appellant's financial circumstances throughout the proceedings. Accordingly, based on this record,

---

[1] The attorney's fees for appellant's court-appointed writ lawyer were imposed on February 1, 2006, after this Court affirmed appellant's convictions on appeal and after the Court of Criminal Appeals refused appellant's petition for discretionary review.

there was no evidence to show that appellant's finances had undergone a "material change."[2] *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs. If there is a material change in financial circumstances after a determination of indigency or nonindigency is made, the defendant, the defendant's counsel, or the attorney representing the state may move for reconsideration of the determination."); *see also Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). As such, we conclude that the trial court abused its discretion by failing to delete the assessment of $2,349.15 in attorney's fees from the bill of costs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer*, 309 S.W.3d at 557; *see also Williams*, 332 S.W.3d at 698. Therefore, we delete the assessment of $2,349.15 in attorney's fees from the bill of costs and, in turn, the trial court's order. Accordingly, based on the foregoing, we overrule appellant's first issue, in part, and sustain his first issue, in part.

---

[2] In his "Declaration of Deposits into Trust Account" filed on August 11, 2019, appellant indicated that he received nine deposits between April 1, 2016, and November 15, 2018, that amounted to $393.85. However, as of November 15, 2018, appellant stated that the balance in his inmate account was $0.08. This figure did not substantially deviate from the $1.38 figure produced in appellant's "Declaration of Inability to Pay Costs" filed in support of appointing counsel to file a writ of habeas corpus. Furthermore, the record does not reflect that anyone has moved for the reconsideration of appellant's indigency under article 26.04(p) of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p).

## IV.   OTHER COURT COSTS AND FEES

In his second issue, appellant asserts that the trial court erred by not deleting the $25 time-payment fee and the $30 "OMNI" fee.[3]  The time-payment fee and the "OMNI" fee were statutorily-mandated fees.  *See* Act of June 19, 1997, 75th Leg., R.S., ch. 1100, § 4, 1997 Tex. Gen. Laws 1100 (repealed 2004) (authorizing the assessment of $80 as a court cost on conviction of a felony—the "CCC" fee); *see also* Act of June 21, 2003, 78th Leg., R.S., ch. 1278, 2003 Tex. Gen. Laws 1278 (repealed 2022) (authorizing various Sheriff's fees that included the "SCHR" fee); TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(4) (authorizing a $35 fee for serving a writ not otherwise listed in article 102.011). Furthermore, there is nothing in the record demonstrating that the trial court lacked jurisdiction to assess the fees or that the assessment of the fees are so vague as to violate due process.  Moreover, to the extent that appellant contends that these fees should be deleted based on his indigent status, we note that an indigent's ability to pay is not relevant with respect to legislatively-mandated costs.  *See Martin v. State*, 405 S.W.3d 944, 947 (Tex. App.—Texarkana 2013, no pet.); *Owen v. State*, 352 S.W.3d 542, 546 (Tex. App.—Amarillo 2011, no pet.).  We therefore overrule appellant's second issue.

---

[3] In his motion to modify filed in the trial court, appellant also challenged the "CCC" and "SCHR" fees.  However, on appeal, appellant expressly abandoned his challenges to these fees.

With respect to the time-payment fee, appellant asserts that $22.50 of the $25 time-payment fee is unconstitutional based on our holding in *Simmons v. State*, 590 S.W.3d 702 (Tex. App.—Waco 2019), *vacated*, 2021 Tex. Crim. App. Unpub. LEXIS 410 (Tex. Crim. App. May 12, 2021).  However, the *Simmons* decision was vacated by the Court of Criminal Appeals last year.  As such, the reasoning in *Simmons* regarding the time-payment fee has been rejected by the Court of Criminal Appeals and likewise is rejected here.

## V.  CONCLUSION

Having sustained appellant's first issue, in part, and appellant's second issue in its entirety, we modify the bill of costs and, in turn, the trial court's order to reflect a reduction in the amount owed by appellant by $2,349.15, which is the amount assessed for appellant's court-appointed writ lawyer.  We affirm the trial court's order as modified.

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Smith,
    and Justice Wright[4]
Affirmed as modified
Opinion delivered and filed March 23, 2022
[CV06]



---

[4] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.