

# IN THE
# TENTH COURT OF APPEALS

_____

**No. 10-23-00068-CV**
**No. 10-23-00069-CV**
**No. 10-23-00070-CV**

**IN RE GREGORY DEGRATE**

_____

**Original Proceedings**

_____

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court Nos. 1990-231-C, 2000-731-C, 2000-732-C**

## MEMORANDUM OPINION

Relator, Gregory Degrate, seeks a writ of mandamus in appellate cause numbers 10-23-00068-CV, 10-23-00069-CV, and 10-23-00070-CV compelling the trial court to set aside an Order to Withdraw Funds from his inmate account.

On March 10, 2022, in trial court cause number 2000-731-C, Degrate filed a motion to rescind the trial court's Order to Withdraw Funds. On March 15, 2022, the trial court denied Degrate's motion to rescind. These original proceedings followed.

Texas prisoners have a property interest in their inmate accounts. *Harrell v. State*, 286 S.W.3d 315, 319 (Tex. 2009). Section 501.014(e) of the Texas Government Code authorizes the trial court to generate a withdrawal notification (commonly known as an Order to Withdraw Funds) directing prison officials to withdraw money from an inmate's account. TEX. GOV'T CODE ANN. § 501.014(e). However, due process requires that an inmate be afforded the opportunity to contest the dollar amount and statutory basis of the withdrawal of funds via a motion to modify, correct, or rescind the withdrawal notification. *See Owen v. State*, 352 S.W.3d 542, 545-46 (Tex. App.—Amarillo 2011, no pet.) (interpreting *Harrell*). In most instances, a challenge to the assessment of court costs and fees is presented by contesting the trial court's Order to Withdraw Funds. *See Maldonado v. State*, 360 S.W.3d 10, 12 (Tex. App.—Amarillo 2010, no pet.). The trial court's disposition of an inmate's challenge to such an order creates an appealable order. *See Harrell*, 286 S.W.3d at 321 ("We hold an inmate is entitled to notice just as happened here (via a copy of the order, or other notification, from the trial court) and an opportunity to be heard just as happened here (via motion made by the inmate)—but neither need occur before the funds are withdrawn. Moreover, appellate review should be by appeal, as in analogous civil post-judgment enforcement actions."); *Ramirez v. State*, 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.); *see also In re Hart*, No. 07-19-00217-CV, 2019 Tex. App. LEXIS 6361, at *5 (Tex. App.—Amarillo July 24, 2019, orig. proceeding) (per curiam);

*In re Corker*, Nos. 07-11-0454-CV & 07-11-0455-CV, 2011 Tex. App. LEXIS 9208, at *5 n.5 (Tex. App.—Amarillo Nov. 18, 2011, orig. proceeding) (mem. op.).

Because the trial court's denial of Degrate's motion to rescind the Order to Withdraw Funds created an appealable order, we conclude that Degrate has not established entitlement to mandamus relief in appellate cause numbers 10-23-00068-CV, 10-23-00069-CV, and 10-23-00070-CV as to his motion to rescind. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (stating that mandamus will not lie when there is an adequate remedy by appeal). We therefore deny Degrate's petitions for writ of mandamus in appellate cause numbers 10-23-00068-CV, 10-23-00069-CV, and 10-23-00070-CV.

STEVE SMITH
Justice

Before Chief Justice Gray,
  Justice Smith,
  and Justice Davis[1]
Petitions denied
Opinion delivered and filed March 15, 2023
[OT06]



---

[1] The Honorable Rex Davis, Senior Justice (Retired) of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.