

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00179-CR

———————————————

VICTOR ORTIZ GONZALEZ, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1497894D

---

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion on Remand by Justice Kerr

## MEMORANDUM OPINION ON REMAND

The Court of Criminal Appeals has remanded this appeal so that we can reconsider—in light of *Anastassov v. State*, No. PD-0848-20, 2022 WL 5054846, at *3–6 (Tex. Crim. App. Oct. 5, 2022)—our prior disposition modifying the trial court's evading-arrest judgment to delete the $10,000 assessed by the jury. We agree, along with Gonzalez and the State, that *Anastassov* compels us to affirm the evading-arrest judgment rather than to modify it to delete the fine. *See id.* But—also with Gonzalez's and the State's agreement—we modify the trial court's funds-withdrawal notification[1] directed to the Texas Department of Criminal Justice and incorporated into the trial court's evading-arrest and aggravated-assault judgments to authorize withdrawal of a total of only $10,319 from Gonzalez's inmate trust account.

## Background

A jury convicted Gonzalez of aggravated assault of a public servant and evading arrest or detention with a vehicle. The State tried the offenses, which arose from a single criminal episode, together. *Gonzalez v. State (Gonzalez 4)*, No. PD-0256-21, 2022 WL 16954543, at *1 (Tex. Crim. App. Nov. 16, 2022) (not designated for

---

[1]We have noted that although the trial court titles its notice an order, the controlling statute describes it as a notification that a separately entered order has assessed costs. *See Foy v. State*, No. 02-21-00048-CR, 2022 WL 188378, at *1 n.2 (Tex. App.—Fort Worth Jan. 20, 2022, pet. ref'd) (mem. op., not designated for publication) (citing Tex. Gov't Code Ann. § 501.014(e); *Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009); *Maldonado v. State*, 360 S.W.3d 10, 12 n.3 (Tex. App.—Amarillo 2010, no pet.)).

publication). In each case, a jury assessed confinement—forty-five years for the aggravated assault and twenty years for the evading offense—and a $10,000 fine. The trial court sentenced Gonzalez accordingly, included the confinement terms and fines in the judgments, and ordered the sentences—including the fines—to run concurrently. *See id.*

Initially, we reversed the aggravated-assault conviction, but the Court of Criminal Appeals reversed our judgment and remanded the case for us to consider "the remaining issues in a manner consistent with [the] Court's opinion." *Gonzalez v. State*, 610 S.W.3d 22, 26, 30 (Tex. Crim. App. 2020). The only remaining issue was whether a $10,000 fine should be deleted from one of the judgments and from the total amount the trial court notified the Department to withhold from Gonzalez's trust account: $20,319. The State conceded that the withdrawal notification should be modified.

Instead of modifying only the withdrawal notification, we also deleted the fine from the evading judgment, relying on several sister-court cases applying *State v. Crook*, 248 S.W.3d 172, 177 (Tex. Crim. App. 2008). *Gonzalez v. State* (*Gonzalez 3*), No. 02-18-00179-CR, 2021 WL 924711, at *1 (Tex. App.—Fort Worth Mar. 11, 2021) (mem. op., not designated for publication), *rev'd*, 2022 WL 16954543, at *1. The State Prosecuting Attorney (SPA) filed a petition for discretionary review, in which she sought to have the deleted evading-arrest fine reinstated but also acknowledged that "[f]or purposes of an offender's obligation to pay, concurrent multiple fines are to be

3

treated as a unitary fine so that they equally discharge together." State's Petition for Discretionary Review at 3, *Gonzalez 4* (No. PD-0256-21), https://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=492afdc1-b109-4a19-b0dd-cf99eba974a8&coa=coscca&DT=PETITION&MediaID=7d885ec4-84cb-4f53-a16c-2f023856e6fc. The SPA did not complain about our modifying the withdrawal notification in *Gonzalez 3*. *See id.* at 3–4.

In remanding this case to us, the Court of Criminal Appeals noted that in *Anastassov* it had "observed that 'where multiple fines are assessed in a same-criminal-episode prosecution and they are ordered to be discharged concurrently, they discharge in the same manner as concurrent terms of confinement – the defendant pays the greatest amount of fine but receives credit for satisfying all of the multiple concurrent fines.'" *Gonzalez 4*, 2022 WL 16954543, at *1. For this reason, then, the court held in *Anastassov* that "the court of appeals erred by deleting one of the lawfully assessed fines from the *judgment.*" *Id.* (emphasis added).

## Disposition

Based on *Anastassov*'s holding, we hold that the trial court did not err by including the jury-assessed $10,000 fine in both judgments. *See* 2022 WL 5054846, at *6. But we also hold, based on *Anastassov*'s underlying reasoning, that the trial court's withdrawal notification must still be modified to delete $10,000.

A funds-withdrawal notification under Government Code Section 501.014(e) is a civil-collection procedure. *See Harrell*, 286 S.W.3d at 317–21 (describing procedure as

4

a "civil post-judgment collection action that is (1) distinct from the underlying criminal judgments assessing . . . conviction, sentence, and court costs, and (2) aimed at seizing funds to satisfy the monetary portion of those judgments"). Because the trial court ordered the fines here to be discharged concurrently, they cannot both be collected; instead, they must be "discharged jointly in accordance with concurrent-sentencing principles." *See Anastassov*, 2022 WL 5054846, at *6.

Nothing in the withdrawal notification instructs the Department to discontinue withholding funds after Gonzalez has paid the $319 in costs and the first $10,000 fine. *See* Tex. Gov't Code Ann. § 501.014(e)(4)–(5) (prioritizing collection of fees and costs before fines). Therefore, we conclude that the withdrawal notification must be modified to comport with *Anastassov*'s principle that Gonzalez must satisfy only one $10,000 fine.

Accordingly, we affirm the trial court's judgments, but we modify the funds-withdrawal notification to delete $10,000 so that the total the Department may withdraw from Gonzalez's inmate account is $10,319.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 11, 2023

5