# NO. 12-23-00054-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOE MARLIN GILMER,*<br>*APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Joe Marlin Gilmer appeals the trial court's order denying his motion to rescind its order to withdraw funds from his inmate account. He raises five issues on appeal. We affirm in part and reverse and remand in part.

## BACKGROUND

Gilmer is an inmate serving a thirty-year sentence after pleading "guilty" to aggravated assault with a deadly weapon against a family or household member. He was sentenced January 19, 2017. That same day, the trial court entered a judgment reflecting a $5,000.00 fine, $374.00 in court costs, and $8,621.90 in restitution payable to VZC Indigent Health. The judgment also contains an order that Gilmer reimburse his court appointed attorney's fees in the amount of $2,500.00. Attached to the judgment is the court's "Order to Withdraw Funds" from Gilmer's inmate account in the amount of $16,495.90.

On February 7, 2023, Gilmer filed his "Second Motion to Rescind Withdrawal Order" on grounds that (1) the restitution order was not pronounced at the time of sentencing, (2) the restitution order was not authorized by law because it was not made payable to the victim or the victim compensation crime fund, (3) the restitution order was not supported by evidence, (4) the attorney's fee order was not supported by sufficient evidence that he incurred fees in the amount

of $2,500.00, (5) the attorney's fee order was not supported by sufficient evidence that he had the financial resources to pay them, (6) the fine was not pronounced at sentencing, and (7) the fine was not authorized under the Texas habitual sentencing scheme. The trial court denied Gilmer's motion by written order. This appeal followed.

## DENIAL OF MOTION TO RESCIND

In Gilmer's first through fourth issues, he argues that the trial court erred by denying his motion to rescind the withdrawal order as it pertains to his attorney's fees, restitution, and fine.

### Standard of Review

We review a trial court's ruling on a motion contesting a withdrawal order under an abuse of discretion standard. *Maldonado v. State*, 360 S.W.3d 10, 13 (Tex. App.—Amarillo 2010, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010). Furthermore, a trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985).

An appellate court may reverse a trial court for abuse of discretion only if, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable. *Simon v. York Crane & Rigging Co., Inc.*, 739 S.W.2d 793, 795 (Tex. 1987). Hence, the party that complains of abuse of discretion has the burden to bring forth a record showing such abuse. *Id.* Absent such a record, the reviewing court must presume that the evidence before the trial judge was adequate to support the decision. *Id.*

### Attorney's Fees

In Gilmer's first and second issues, respectively, he argues that the trial court erred by denying his motion to rescind the withdrawal order as it pertains to his attorney's fees because the evidence is insufficient to support findings that he (1) had the financial resources to reimburse the fees, and (2) incurred such fees in the amount of $2,500.00. The State submitted no brief. We find no evidence in the record that Gilmer had the financial resources to reimburse the fees.

The code of criminal procedure authorizes the appointment of counsel for indigent defendants. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(a) (West Supp. 2023). Counsel is to be

2

appointed only when indigency is shown. ***Gray v. Robinson***, 744 S.W.2d 604, 607 (Tex. Crim. App. 1988). A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2023).

If, after the defendant is convicted, the trial court determines that he has financial resources that enable him to offset, in whole or in part, the costs of legal services provided by a court-appointed attorney, the court must order the defendant to reimburse the amount it finds he can pay. ***Id.*** art. 26.05(g) (West Supp. 2023). Before the court may order reimbursement of attorney's fees by such a defendant, it must determine based on facts in the record that the defendant has the financial resources to enable him to offset, in whole or in part, the costs of the legal services provided. ***Johnson v. State***, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.). If the record does not show that the defendant's financial circumstances materially changed, there is no basis for ordering the reimbursement of attorney's fees. TEX. CODE CRIM. PROC. ANN. art. 26.04(p); ***Mayer v. State***, 309 S.W.3d 552, 553, 557 (Tex. Crim. App. 2010); ***Johnson***, 405 S.W.3d at 354.

The record in this case contains no direct proof that the trial court determined Appellant was indigent at the time of trial. However, the judgment states that he owes "$2,500.00 – Court appointed attorney reimbursement – Van Zandt County Indigent Defense." Because counsel may be appointed only when indigency is shown, we presume that the trial court determined that Gilmer was indigent before appointing counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(a) (West Supp. 2023); ***Gray***, 744 S.W.2d at 607. We find no facts in the record to support a finding that, since the court made its initial indigency finding, Gilmer's financial circumstances materially changed such that he now has the financial resources to enable him to offset, in whole or in part, the costs of the legal services provided. Therefore, there is no basis for the order to reimburse attorney's fees. TEX. CODE CRIM. PROC. ANN. art. 26.04(p); ***Mayer***, 309 S.W.3d at 553, 557; ***Johnson***, 405 S.W.3d at 354. Accordingly, the court erred by denying Gilmer's motion to rescind the withdrawal order as it pertains to the attorney's fees. *See **Maldonado***, 360 S.W.3d at 13; ***Quixtar***, 315 S.W.3d at 31; ***Johnson***, 700 S.W.2d at 917. We sustain Gilmer's first issue. Because we sustain Gilmer's first issue, we need not address his second issue. *See* TEX. R. APP.

P. 47.1 (court of appeals opinion must be as brief as practicable and need address only issues necessary to final disposition of appeal).

**Restitution**

In Gilmer's third issue, he argues that the trial court erred by denying his motion to rescind the withdrawal order as it pertains to the restitution because it was not ordered (1) at the time of sentencing, or (2) payable to the victim. Texas law authorizes a sentencing court to order payment of restitution to the victim or the compensation to victims of crime fund for losses sustained as a result of the offense. TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2023). Failing to mention restitution until its entry in the written judgment (1) deprives a defendant of notice and an opportunity to object or prepare a defense, and (2) violates a defendant's legitimate expectation that the sentence received is the same as that orally pronounced in open court. ***Burt v. State***, 445 S.W.3d 752, 760 (Tex. Crim. App. 2014). A restitution order is part of the sentence and must be included in the court's oral pronouncement of sentence to be properly included in the written judgment. *See **Alexander v. State***, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.). The record here shows that no restitution order was pronounced at the time of sentencing. Therefore, the restitution order was not properly included in the written judgment or its attached withdrawal order, and the trial court erred by denying Gilmer's motion to rescind the withdrawal order as it pertains to the restitution order. *See **id.***; ***Maldonado***, 360 S.W.3d at 13; ***Quixtar***, 315 S.W.3d at 31; ***Johnson***, 700 S.W.2d at 917. We sustain Gilmer's third issue.

**Fine**

In Gilmer's fourth issue, he argues that the trial court erred by denying his motion to rescind the withdrawal order as it pertains to the fine because, at the time of sentencing, the court failed to conduct an ability-to-pay inquiry regarding the fine as required by Section (a-1) of Texas Code of Criminal Procedure Article 42.15. Gilmer quotes the following pertinent portion of that section:

> (a-1) Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), a court shall inquire on the record whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs. If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be:

4

> (1) subject to Subsection (c), required to be paid at some later date or in a specified portion at designated intervals[.]

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (West Supp. 2023).

Initially, we note that this case presents a question of preservation. In Gilmer's motion to rescind, he mentioned Article 42.15's inquiry requirement but did not explicitly argue that the court should rescind the withdrawal order based on its failure to conduct an inquiry. *See* TEX. R. APP. P. 33.1 (before complaint may be presented for appellate review, record must show it was made to trial court by timely request, objection, or motion). At least one court of appeals has concluded that a defendant's right to an ability-to-pay inquiry is a category-two *Marin* right, and, therefore, the right's violation requires no objection to preserve the issue for appellate review. *See Cruz v. State*, No. 14-21-00454-CR, 2023 WL 3236888, at *4 (Tex. App.—Houston [14th Dist.] May 4, 2023, pet. filed) (op., not yet released for publication). We need not address the issue of whether Gilmer's complaint, which he failed to raise at the time of sentencing or in his motion to rescind, is preserved for our review because the court would not have erred in denying the motion to rescind on that ground. *See Meadoux v. State*, 325 S.W.3d 189, 193 n.5 (Tex. Crim. App. 2010) (Although "'issues of error preservation are systemic in first-tier review courts,'" this "means only that a court of appeals may not *reverse* a judgment of conviction without first addressing any issue of error preservation.") (quoting *Menefee v. State*, 287 S.W.3d 9, 18 (Tex. Crim. App. 2009)).

Next, this case presents a question of retroactivity. *See Cruz*, 2023 WL 3236888, at *4 (concluding legislature intended Article 42.15 amendment adding phrase "on the record" to apply retroactively but overruling appellant's issue based on contradictory precedent); *Hernandez-Faced v. State*, 661 S.W.3d 630, 638-39 (Tex. App.—Houston [14th Dist.] 2023, pet. ref'd) (concluding legislature did not intend phrase "on the record" to apply retroactively). At the time of trial in this case, Article 42.15 did not include Section (a-1) or its "on the record" language. *See* Act of March 23, 2017, 85th Leg., R.S., ch. 977, § 4, 2017 Tex. Sess. Law Serv. (West, Westlaw through 2023 2d C. Sess.) (amending Article 42.15 by adding Section (a-1) with its ability-to-pay inquiry requirement, effective September 1, 2017); Act of May 8, 2021, 87th Leg., R.S., ch. 106, § 1 (amending Section (a-1) to add "on the record"). For purposes of our opinion, we assume without deciding that the amendments to Article 42.15 apply retroactively in Gilmer's case.

The record shows that the trial court conducted no on-the-record ability-to-pay inquiry during or immediately after sentencing Gilmer. Assuming that the amendments to Article 42.15 apply retroactively, this omission is error. *See* TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1). We next consider whether such error required rescission of the withdrawal order as Gilmer argues. Gilmer cites no authority supporting this argument. Further, he fails to state how the omission of an inquiry harmed him. Nonconstitutional error in a criminal case that does not affect the defendant's substantial rights must be disregarded. TEX. R. APP. P. 44.2(b). An error affects a substantial right if it had a substantial and injurious effect or influence on the verdict. ***King v. State***, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

Because Article 42.15 guarantees a defendant an on-the-record inquiry into "whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs," Gilmer might have suffered harm by the omission of such an inquiry if the trial court ordered him to immediately pay the fine. However, to the contrary, the withdrawal order states, "The Court finds that the offender is unable to pay the court costs, fees, and/or fines and/or restitution on this date and that the funds should be withdrawn from the offender's Inmate Trust Account." It orders that a percentage of Gilmer's inmate account deposits be withdrawn as payment. Because the court determined Gilmer was unable to pay any part of the fine immediately, Gilmer fails to show that his substantial rights were affected by the omission of an ability-to-pay inquiry. *See id*. Accordingly, we conclude that the court did not err in disregarding the alleged error and denying Gilmer's motion to rescind the withdrawal order as it pertains to the fine. *See* TEX. R. APP. P. 44.2(b); ***Maldonado***, 360 S.W.3d at 13; ***Quixtar***, 315 S.W.3d at 31; ***Johnson***, 700 S.W.2d at 917. We overrule Gilmer's fourth issue.

## STATUTORY CONFLICT

In Gilmer's fifth issue, he argues that this Court should rescind the withdrawal order because of a purported conflict between Article 42.15 and Section 501.014(e) of the Texas Government Code, which requires the Texas Department of Criminal Justice to withdraw funds from an inmate's account to pay a fine when so notified by a court. He contends each statute is a separate means of collecting a fine and Article 42.15 controls as the more specific of the two. Gilmer did not raise this issue in his motion to rescind. Therefore, he has not preserved his complaint for our review. *See* TEX. R. APP. P. 33.1. Moreover, even if Gilmer preserved his

6

complaint, we could not grant him relief on this basis because he fails to explain how the statutes conflict, and we see no conflict between them. *Compare* TEX. CODE CRIM. PROC. ANN. art. 42.15 *with* TEX. GOV'T CODE ANN. § 501.014(e) (West Supp. 2023). For these reasons, we overrule his fifth issue.

## DISPOSITION

Having overruled Appellant's fourth and fifth issues, we ***affirm*** the trial court's order denying Appellant's motion to rescind as it pertains to the fine. Having sustained Appellant's first and third issues, we ***reverse*** the trial court's order denying Appellant's motion to rescind as it pertains to the court appointed attorney's fees and restitution and ***remand*** the cause to the trial court for further proceedings consistent with this opinion.

BRIAN HOYLE
Justice

Opinion delivered November 21, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 21, 2023**

**NO. 12-23-00054-CV**

**JOE MARLIN GILMER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court
of Van Zandt County, Texas (Tr.Ct.No. CR-15-00226)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be affirmed in part, and reversed and remanded in part.

It is ORDERED, ADJUDGED and DECREED by this court that the trial court's order denying Joe Marlin Gilmer's motion to rescind be **affirmed** as it pertains to the fine, **reversed** as it pertains to the court appointed attorney's fees and restitution, and the cause be **remanded** to the trial court **for further proceedings** consistent with this opinion; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*